## HOLBROOK *vs.* ARMSTRONG.

H. delivered to A. six cows, which, by *parol* agreement, were to be returned to him at the end of two years, or their value in money, unless A. should be dissatisfied with a certain trade, or exchange of farms then made between them ; in which case they were to remain the property of A. forever. At the end of the two years A. expressed himself satisfied with the trade, but refused to redeliver the cows, or to pay their value ; — whereupon H. brought assumpsit to recover what they were reasonably worth, and by the Court it was *held :*

That this was not technically a bailment, but that it amounted to a *sale.*

That the contract was not within the statute of frauds, though not in writing, and in part not to be performed within a year ; the statute not applying to cases of sale, where there is a part execution of the contract within the year, by a delivery of the goods, though the price is stipulated to be paid at a period beyond a year.

Held, also, that even if the contract were within the statute of frauds, still the plaintiff would be entitled to recover on the general counts what the cows were reasonably worth.

THIS was an action of *assumpsit.* The first count in the declaration was a general *indebitatus assumpsit* on account annexed, wherein the defendant was charged with the value of six cows. The second charged him with the cows as having been sold and delivered, and the third set forth a special contract, that in consideration that the plaintiff would permit the defendant to have and to receive to his own use the profits and increase of six cows on a certain farm in *Freeport,* for the term

of two years, it was agreed between the plaintiff and defendant that, if at the end of said two years the said defendant should be dissatisfied with a trade then made respecting certain farms, the plaintiff would leave said cows on said farm for the defendant's use forever; otherwise, that, at the end of said term of two years, the defendant should either return said cows to the plaintiff, or pay him the value thereof in money forthwith; — with an averment that, the plaintiff permitted the defendant to have the use, profits and income of said cows on said farm during said two years, and at the end of said two years the defendant was not dissatisfied, but did not return the cows or pay their value.

The plaintiff offered to prove the alleged contract by *parol.* And offered to prove that the defendants had the use of the cows during the two years, and that after the expiration of that time he declared himself well satisfied with the trade concerning the farm; and that, he subsequently disposed of the cows, and applied the proceeds to his own use.

The defendant objected to the admission of the evidence, and relied in his defence on the contract's being within the statute of frauds, not being to be performed within one year.

Whereupon the *Chief Justice,* who tried the cause, directed a nonsuit, with leave to move to take it off, if the whole Court should be of opinion that the evidence was improperly excluded.

*Greenleaf* and *Mitchell,* for the plaintiff.

The contract is not within the statute of frauds. It did not commence until the expiration of the two years. The defendant had that period in which to make his election; and consequently the plaintiff's claim did not attach until after that time. During all that time the property was in *Holbrook,* and might have been taken by his creditors. There was no consideration moving from the defendant to the plaintiff for leaving these cattle with him, it was a mere gratuity on the part of the plaintiff. *Badger v. Phinney,* 15 *Mass.* 359.

But if the contract be within the statute of frauds, still the plaintiff is entitled to recover on the general counts. *Daven-*

*port v. Mason,* 15 *Mass.* 85 ; *Seymour v. Bennett,* 14 *Mass.* 266 ; *Phillips v. Thompson,* 1 *Johns. Chan. Cas.* 274 ; 7 *Dane's Abr.* 542 ; *Sherburne v. Fuller,* 5 *Mass.* 133 ; *Kidder v. Hunt,* 1 *Pick.* 323.

No case can be found in opposition to this doctrine. It would be manifestly unjust to permit the defendant to have the property of the plaintiff without rendering any returns. If the contract be void on account of the statute, then it is as if there had been none made between the parties, and the plaintiff is let in to recover what the cows were reasonably worth.

*Longfellow* and *Belcher,* for the defendant, insisted that the contract was within the statute of frauds, not being to be performed within one year, and cited, *Boydell v. Drummond,* 11 *East,* 142 ; 1 *B. & Alderson,* 723 ; 2 *Stark. Ev.* 601 ; *Com. on Con.* 220 ; *Cabot & al. v. Haskins & al.* 3 *Pick.* 83 ; *Moore v. Foss,* 10 *Johns.* 244.

Again, it is within the statute of frauds because relating to the sale of lands, these cattle being a part of the consideration.

If within the statute, the plaintiff must fail. He cannot recover on the general counts. Where there is an express promise, no promise can be *implied.* In this case the special contract was proved.

There may be cases where a contract may be declared void, and yet the plaintiff let in to recover on the general counts ; but this must be where the claim under the common counts would not be tainted with the illegality, which would not be the case here.

PARRIS J. delivered the opinion of the Court, at the ensuing *April* term in this county, as follows : —

[After reciting the facts as above.] In the examination of the case, we are to consider these facts as proved, and the question to be decided is, whether upon such proof, the plaintiff is entitled to recover upon either count in his declaration. It may be well to inquire in whom was the property in these cows subsequent to the agreement, supposing that to be valid and binding on the parties. Here was a lease or bailment of property, to be returned or accounted for in two years, upon a cer-

tain contingency then to be determined by the defendant. If the contingency did not happen, the cows were to remain with him free from accountability therefor; — if it did happen, they were to be returned by the defendant, or he was to pay the plaintiff the value thereof in money.

In cases of lease or bailment, where by the contract the identical article loaned is to be returned, the property remains unchanged, the lessee or bailee having the right of use during his term, at the expiration of which, the bailor, having the right of possession as well as property, is entitled to its return, and may maintain trover for its value against any one who shall thereafter convert it to his use; or replevin against any one in whose possession it may be found. But where the identical article is not to be returned, as where the bailee is to return another article of the same kind, or has an option to return the same or another, or, as in the case at bar, to return the article or pay its value in money, the property passes. It is the case of a sale or exchange; — the original owner acquires a property in the price, while all his interest is gone in the specific thing; and no action will lie, except assumpsit for the price, until the thing to be delivered in compensation, has been so delivered or tendered. *Sir William Jones* in his treatise on bailments, says, " there is a distinction between an obligation to restore the *spe-* " *cific* things, and a power or necessity of returning others " equal in value. In the first case it is a regular bailment, in " the second, it becomes a debt." *Story,* in his treatise on bailments, recognizes the same principle. He says, " the dis- " tinction between an obligation to restore the specific things, " and a power of returning other things equal in value, holds in " cases of hiring as well as in cases of deposits and gratuitous " loans. In the former case, that is, the obligation to restore " the specific thing, it is a regular bailment, in the latter, *viz.* " when there is a power of returning other things equal in value, " it becomes a debt." — *Story on Bailments, chap. 6, sect.* 439.

If, in the case under consideration, the agreement had been to return the same cows, if at the end of two years the defendant should not be dissatisfied with the trade concerning farms, the property might not have passed; but it might have fallen

within the first class of cases, mentioned in the authorities just cited.

But the additional clause, giving the defendant the election to return the cows or pay for them the value in money, divests the plaintiff of his interest in the specific thing, and leaves him to his remedy on the contract for the value. Such would seem to be the legal operation of this contract, even before the election was expressly or impliedly made by the defendant; but when he admits that the contingency has happened upon which he was either to return the cows or pay their value, and he neglects to return them, he is to be considered as electing to hold them as his own, and consequently to consider the original transaction as a sale, which he has a right to do under his contract. By that, they became his property, to be paid for or not as he might be satisfied or dissatisfied with the trade respecting farms.

If he should be satisfied, as we are to consider the fact to have been, he might fulfil his agreement by returning the identical cows; but if he declined doing that, it is clear that the plaintiff had no remaining interest in the article and could maintain no action for its recovery, but his only remedy, if he have any, is for the value. *Hurd v. West,* 7 *Cowen,* 752.

Here then is an article sold, and the consideration of such sale is the defendant's promise to pay upon a certain contingency, which has happened. The promise then became obsolute. Suppose that the promise of the defendant had been unconditional, to pay in two years; — that the plaintiff sold and delivered him the cows upon receiving his absolute, unconditional parol promise to pay in two years. Can it be that, in such a case, the defendant could hold the property and by shielding himself under the statute to prevent frauds and perjuries, escape from all liability to pay for it. If A. sell B. merchandise and deliver it on the parol promise of the latter to pay in two years, shall B. escape from the performance of his promise, under that clause in the statute, which provides that no action shall be brought upon any agreement that is not to be performed within the space of one year from the making thereof, unless the agreement, upon which such action shall be

Holbrook v. Armstrong.

brought, or some memorandum or note thereof shall be in writing, &c. : — and shall B. be permitted to hold the merchandize free from all liability to pay for it ? — If A. labour for B. a year, under a parol agreement, entered into at the commencement of the labour, that B. shall pay therefor in one month after the labour is performed ; shall A. be met with the statute of frauds as relieving B. from all liability ? — Shall the latter escape by saying, in answer to the special promise, " my " agreement was not to be performed within one year, and " therefore no action can be maintained upon that," and in answer to a charge for work and labour done and performed, " there " was a special agreement and, therefore, you cannot charge me " upon an implied promise." — The mere statement of such a case seems to be sufficient to show its inconsistency ; and if the law did not afford relief, it might well be said of it, as was said by a venerable Judge in another case, " I should think it had " been fined and refined out of all its spirit, and was the cor- " ruption of human reason." Wilmot J. in Drury v. Drury, Wilmot's Rep. 211.

But the law is not liable to this imputation. It is said in Long's treatise on sales, p. 56, in a commentary on this clause of the statute of frauds, if goods are sold and delivered for a certain price, at thirteen months credit, without writing, the delivery of the goods being a clear execution of the contract on one part, the vendor would be bound by the agreement. In Boydell v. Drummond, 11 East, 142, the counsel in argument put a case. Suppose goods sold and delivered at a certain price, at thirteen months credit, without writing ; the terms of the payment would be a part of the contract, and if no evidence could be given of that, by the statute the vendor would not be bound by the stipulated price, and the jury could only give a verdict for the value of the goods. To which Lord Ellenborough replied, — In that case the delivery of the goods which is supposed to be made within the year, is a complete execution of the contract on the one part ; and the question of consideration only would be reserved to a future period. — In Cabot v. Haskins, 3 Pick. 83, Parker C. J. says, it was urged that the plaintiffs were to deliver the goods within six months,

and that where there is a mutual agreement and either party is to perform in less than a year, the contract is not within the statute. This position of law he does not controvert, but says, in point of fact it did not appear that the delivery of the goods made a part of the consideration for the promise.

It is said by *Petersdorff*, in his abridgement of cases argued and determined in the common law Courts in *England*, that a parol contract for the sale of goods to be delivered, and which are accordingly delivered within a year from the making of the bargain, but which, by the terms of the contract, are not to be paid for until the expiration of that period, is not within the fourth section of the statute of frauds, which requires that an agreement which is not to be performed within a year from the making thereof, shall be in writing, because, in such case all that is to be performed on one side, namely, the delivery of the goods, is done within a year.    10 *Petersd.* 105, *note.*

In *Bracegirdle v. Heald*, 1 *Barnw. & Ald.* 723, the action was brought on an agreement in which the plaintiff alleged that at the request of the defendant on the 27th of *May*, the plaintiff agreed to enter into his, the defendant's service, as groom and gardener, on the 30th of *June* then next, to serve for twelve months, and that the defendant promised to receive and take the plaintiff and retain and employ him for said term, and alleged as a breach, that although the plaintiff was willing to enter into the service on the 30th of *June*, and requested the defendant to receive him, yet the defendant refused so to do. The statute of frauds was relied upon in defence. In the argument for the plaintiff, the counsel say, it is clearly not necessary in all cases, where some one term specified in a contract happens to exceed a year, that the whole contract should be in writing. For if a man bargain for goods to be delivered within the year, and that the payment shall not be made till after more than a year from the bargain has elapsed, it is not necessary in such case that the bargain should be in writing. To which *Abbot J.* assents, saying, the case put in argument of an agreement for goods to be delivered by one party in six months and to be paid for in eighteen months, being after more than a year has elapsed, is distinguishable on this ground, that

there, all that is on one side to be performed, *viz.* the delivery of the goods, is to be done within a year, whereas, here the service, which was the thing to be performed *by the plaintiff*, cannot possibly be completed within that period. The case of *Lower v. Winters*, 7 *Cowen*, 263, was similar to *Bracegirdle v. Heald*. In *January*, 1824, the parties agreed that the defendant should have the plaintiff's improvements in *March*, 1825, and that the defendant should at that time pay therefor one hundred dollars in stock. Neither part of the contract was to be performed within a year, and the case was properly considered as falling within the statute. In a recent case in the *King's Bench*, the Court in delivering an opinion, say, " as to the con-" tract not being to be performed within a year, we think that " as the contract was entirely executed on one side within a " year, and as it was the intention of the parties, founded on a " reasonable expectation, that it should be so, the statute of " frauds does not extend to such a case. In case of a parol " sale of goods, it often happens that they are not to be paid " for in full till after the expiration of a longer period of time " than a year ; and surely the law would not sanction a de-" fence on that ground, when the buyer had had the full bene-" fit of the goods on his part. *Donellan v. Read*, 3 *Barnw. & Adolp.* 899.

But what if the defendant should succeed in bringing his express promise within the statute ? — Is he then to hold the consideration free from all accountability ? — He is charged in the general counts for goods sold and delivered, and the proof is that they were actually delivered under such a contract on the part of the plaintiff as divested him of the property in the goods and chattels sold, and consequently they became the property of the defendant. If the defendant's special promise was within the statute, still the contract was not illegal, was neither *malum prohibitum* nor *malum in se*, and in such cases the force of the statute operates upon the special agreement only, by providing that no action shall be brought upon that. — It was said by *Chief Justice Mansfield*, in *Cooke v. Munstone*, 1 *New Rep.* 355, that " where a party declares on a special contract " seeking to recover thereon, but fails altogether in his right so

" to do, he may recover on a general count, if the case be such " that supposing there had been no special contract he might " still have recovered." — It has been held that *indebitatus assumpsit* will lie to recover the stipulated price due on a special contract where the contract has been completely executed, and that it is not in such case necessary to declare on the special agreement. *Bank of Columbia v. Patterson*, 7 *Cranch*, 299; *Bull. N. P.* 139; *Keyes v. Stone*, 5 *Mass.* 391; *Starkie's Rep.* 277; *Holt's N. P.* 236; *Roscoe on Evidence*, 221. So where there is a count on a special agreement, and a general count for goods sold and delivered, the plaintiff may, if he fail to prove the special agreement, abandon the special count and resort to the general count; — but this cannot be done if the goods were in fact sold under the special agreement, *and the plaintiff might, if he had framed the special count properly, have recovered upon it. Robertson v. Lynch,* 18 *Johns.* 451. — So in the case at bar, the plaintiff has declared on a special agreement; — the defendant says, you have failed to prove it, for it is within the statute and cannot be proved by parol evidence; you cannot recover upon it, because the statute says no action shall be brought upon such an agreement, unless it be reduced to writing. If these positions of the defendant be sound, why may not the plaintiff, upon the authority of *Robertson v. Lynch,* recover upon his general count for goods sold and delivered, inasmuch as no action can be sustained upon the special agreement.

In *Burlingame v. Burlingame,* 7 *Cowen,* 92, it appeared that the defendant agreed with the plaintiff to convey him a certain piece of land if he served the defendant faithfully till twenty-one years of age. The declaration contained the general counts in *indebitatus assumpsit* for work and labor, &c. It was objected that the plaintiff's claim, being on a special agreement, was inadmissible under the general counts, and that the agreement was void by the statute of frauds. The Court say, in giving their opinion, " it is contended that the statute of " frauds is a bar to the action. To this objection it may be " answered, the action is to recover for work, labour and ser-" vices, not to enforce the contract to convey the land. It will

" be readily admitted that the agreement to convey is within
" the statute. The question then is presented whether in any
" given case where one party has parted with his money or
" rendered services, and the consideration for so doing is a
" promise by the other party to convey land, the party who
" has rendered the service or paid the money is without reme-
" dy. The case of *Gary and Hull*, 11 *Johns*. 441, shows,
" that where goods are delivered on a special contract, which
" the opposite party refuses to perform, the person delivering
" the goods may elect to consider the contract as rescinded,
" and recover in an action for goods sold and delivered. In
" the present case the defendant refuses to convey, and alleges
" that the contract is void. It seems, therefore, to be clear
" upon principles of law and justice, that the plaintiff may
" elect to consider the contract as rescinded; and his right
" to recover back his money, or compensation for his services,
" is unquestionable."

So in *Little v. Martin*, 3 *Wend*. 219, which was assumpsit
for use and occupation of a house. In *August,* 1826, it was
agreed between the parties that the defendant should take a
lease of the house for five years. The defendant entered un-
der the parol agreement, but never occupied under a lease in
writing. In defence it was contended that the agreement,
being by parol, for a lease for five years was void by the stat-
ute of frauds. Upon this point the Court say, " it is a sufficient
" answer that the action is not upon the contract ; it has nothing
" to do with the suit any further than that the proof of it, though
" not made as the statute requires, establishes the fact that the
" defendant below went into the occupation of the premises by
" the permission of the plaintiff. This fact it was incumbent on
" the plaintiff to shew, and it is as well proved by shewing an
" entry under a void contract, as under a valid one." In *Shute
v. Dorr*, 5 *Wend*. 204, it was held that a parol agreement by a
parent, that his child aged sixteen, shall serve a third person
until he arrives to the age of twenty-one, when his master is
to pay him one hundred dollars, is within the statute of frauds ;
but if any services are rendered under such contract, there
may be a recovery for the same upon a *quantum meruit*. In

Holbrook *v.* Armstrong.

that case, the Court held the parol agreement within the statute, because it could not have been performed *on either side* within a year.

The case of *Kidder v. Hunt*, 1 *Pick.* 328, seems to be in conformity to the same principle. In that case, the Court decided that part performance of a parol agreement relative to an interest in land does not take the contract out of the statute of frauds, so as to sustain an action at law for damages for breach of the contract. *But assumpsit will lie for the expenses incurred in such part performance.* The Court say, "certainly so "much as has been expended in money or labour, by the plain-"tiff, may be recovered in an action for money paid, or work "and labour done for the defendant." And in general, where a contract within the statute of frauds has been in part executed by one party, there is a plain remedy for such party, to a certain extent, in a court of law, if the other party fraudulently refuses to execute the contract on his part. If money has been paid, it may be recovered back. If labour has been performed, a compensation for it may be recovered. *Lane v. Shackford*, 5 *N. H. Rep.* 133.

But it is contended that there can be no action maintained upon an implied promise, where the subject matter is embraced in a special contract. The authorities before referred to, all shew that this general principle applies to cases where the special contract is valid, and the plaintiff might, if he had framed a special count properly, have recovered upon it. But where the plaintiff brings his action upon an implied promise and the defendant would avoid it by proving a special agreement, he must show such an one as would be valid in law. He cannot avoid the special agreement by bringing it within the statute of frauds, and still make use of that agreement to defeat his implied promise. When the defendant, in bar of the plaintiff's right of action, pleads such an agreement as cannot be the subject of a suit unless in writing, then he ought to plead it to be in writing that it may appear to the Court that an action will lie upon it, for he ought not to be allowed to take away the plaintiff's action, without giving him a complete remedy upon the agreement pleaded. *Case v. Barber, Raym.* 450 ; *Com. Dig. Action*

*in assumpsit, F.* 3; *Bull. N. P.* 279; 1 *Bac. Abr. Agreements,*
*C.*

We find nothing in the books, which prevents the recovery
on the general counts in the case at bar, even if the defendant
could bring his special promise within the statute. The case
mentioned by *Treby J.* in 1 *Salk.* 280, was upon · the special
promise, and would have been defeated if that had not depend-
ed upon a contingency, which might have happened within a
year. The case of *Fenton v. Emblers,* 3 *Burr.* 1278, was also
upon the special promise, which was saved from the operation
of the statute upon the same principle as the case in *Salkeld.*
But in the last case, if the promise of the defendant had not
depended upon a contingency, but it had been expressly and
specifically agreed that performance on his part was not to be
within a year, there is nothing which shows that the plaintiff
might not have recovered for her services, as housekeeper, on a
general *indebitatus assumpsit* for work and labour.

The defendant, in the case before us, had the property charg-
ed in the account annexed to the writ; it became his; he has
thus treated it, and there can be no good reason in justice, and
we think none in law, why he should be permitted to retain it
free from all accountability to the plaintiff for its value, unless
the contingency has happened, upon which he was thus to hold
it. By the original agreement there was what amounted to a
sale, so far at least as it depended upon the plaintiff; perhaps,
it might be considered, so far as it regarded the defendant, a
bailment until the expiration of the two years, with the right
of then determining whether he would consider it a bailment
or a sale. If so, by retaining the article, he has elected to con-
sider it a sale, and if it *then,* when he made the election, as-
sumed the character of a sale on his part, he would be account-
able; — or if, by retaining the article, he is to be considered as
electing to consider it a sale, *ab initio,* then, inasmuch as there
was a delivery of the cows, and a complete performance on the
part of the plaintiff within a year, it may well be doubted wheth-
er the clause of the statute relied upon has any applicability to
the case. But if it had, and the defendant could shield himself
under it from the performance of his special agreement, we

think the action may well be maintained on the general counts for goods sold and delivered.

Whether the plaintiff can in fact prove what he offered to prove, remains to be seen. As he was not permitted to do it before the jury, in considering this motion for a new trial for that cause, we are to consider it as proved, for unless we were satisfied that the proof would avail him, if received, its rejection would be no ground for opening the case for a new trial. The motion to take off the nonsuit is granted, and the cause will stand for trial.