## Samuel H. Sawyer *versus* Asa Hanson.

Where a mortgage of a dwellinghouse, standing on land of a third person with his permission, has been foreclosed, and the mortgagor, after having received thirty days notice in writing to quit the premises in manner provided by Rev. Stat. c. 128, " Of forcible entry and detainer," still remains in possession, the mortgagee cannot, nor can his assignee, sustain a complaint against the mortgagor, under that statute, to obtain possession of the premises.

Exceptions from the Western District Court, Goodenow, J. presiding.

The defendant, on the seventeenth of June, 1843, owned the southwesterly half of a dwellinghouse in Portland, standing on land of another person by permission of the owner thereof; and on that day mortgaged the same to St. John Smith, to secure the payment of a sum of money in six months from date. The mortgage contained a provision, that the mortgagor should have the right, " to continue in possession of the premises until the expiration of said six months." On March 29, 1844, Smith transferred " all his right, title and interest in the within described property," to one Forsaith; and on May 28, 1844, Forsaith, in the same manner, made a transfer thereof to the plaintiff. The money secured by the mortgage

had not been paid. The defendant remained in possession. On June 1, 1844, the plaintiff notified the defendant in writing to deliver up to him the possession of the house, "formerly owned and now occupied by you, immediately." On the fifth day of July following, the defendant still remaining in the occupation of the house, the plaintiff made his complaint, alleging that the defendant, "on June 1, 1844, having before that time had lawful and peaceable entry into the said premises, and whose estate therein was determined on May 29, 1844, then did and still does unlawfully refuse to quit the same; although the complainant avers, that he gave notice in writing to said Hanson, thirty days before making this complaint, to quit the premises." This complaint was tried in the Municipal Court for the city of Portland, and from thence carried by appeal to the District Court. On the trial in the District Court, these facts were made to appear on the part of the complainant, and he there rested his case.

The counsel for the defendant then moved for a nonsuit. 1. Because the process of forcible entry and detainer would not lie in this case, said house being personal property. 2. Because the relation of landlord and tenant did not exist between the parties.

A nonsuit was ordered by the District Judge, and the complainant filed exceptions.

*O'Donnell*, for the complainant, contended that the nonsuit was improperly ordered. Neither of the objections are sustainable. It is not necessary, in order to maintain this process, that the owner of the tenement should have the fee of the land on which it stands. The mortgagor is tenant of the mortgagee. Rev. Stat. c. 128, § 2, 5; 13 Pick. 39; 17 Pick. 103; 13 Maine R. 209; 18 Maine R. 264.

*Wells & Sweat*, for the defendant, contended that the nonsuit was rightly ordered by the District Judge, because by his own showing the complainant had no sufficient ground on which he could support his complaint. 13 Johns. R. 340; 11 Johns. R. 503; 1 Fairf. 429; Bac. Abr. Forc. Ent. & Det. D; Co. Lit. 6 (a); 5 Metc. 343.

The opinion of the Court was by

TENNEY J. — This complaint is to obtain possession of one half of a dwellinghouse, standing upon land, not claimed as the property of either party, erected thereon by the owner's consent. It is alleged, that the defendant, on the first day of June, 1844, having before that time had lawful and peaceable entry into the lands and tenements of the complainant, &c. " and whose estate in the premises was determined on the 29th day of May, 1844, then did and still does unlawfully refuse to quit the same ; although the complainant avers, that he gave notice in writing to said Hanson, thirty days before the day of making this complaint to quit the premises."

The complainant relied upon a mortgage of the property described in the complaint from the defendant to one Smith, dated June 17, 1843, to secure a note of the same date payable in six months ; Smith, on March 29, 1844, made a written assignment of said mortgage and note to one Forsaith ; who, on May 28, 1844, assigned the same to the complainant. On June 1, 1844, the defendant was served with a notice in writing signed by the complainant, to quit the premises immediately. A nonsuit was directed by the District Court to which exceptions were taken.

The statute referred to, under which this process is sought to be maintained, is applicable to three cases only : — 1st. Where any unlawful and forcible entry has been made into any lands or tenements. 2d. Where there has been any unlawful and forcible detainer thereof. 3d. " Whenever a tenant, whose estate in the premises is determined, shall unlawfully refuse to quit the same, after thirty days' notice in writing, given by the lessor for that purpose." Rev. St. c. 128, § 2 and 5. The evidence presents no such forcible entry or detainer, as to sustain the complaint. *Commonwealth* v. *Dudley,* 10 Mass. R. 403 ; *Saunders* v. *Robinson,* 5 Metc. 343. And we are not satisfied that the complaint can be maintained upon the evidence, by virtue of the other provision. To bring the case within the 5th section, the relation of landlord and tenant must be shown to have existed, and the lease to have termin-

Sawyer *v.* Hanson.

ated; and a holding over by the lessee. The language clearly imports that the process, under this part of the statute, shall be in favor of a lessor or his assignee against a lessee or one holding under him. The determination of the estate referred to, may be of a lease for years, or where a tenancy at will existed; it was not intended for those cases, where the title could be contested; but where the relation was such, that the defendant was precluded from denying to the complainant the right of possession by his own contract.

A lease is defined to be *a contract* for the possession and profits of lands and tenements on the one side, and a recompense of rent or other income on the other. Any words, which show the intention of the parties, that one shall divest himself of the possession, and the other shall come into it, whether they run in the form of license, covenant or agreement, are of themselves sufficient. 4 Cruise's Dig. 67.

There is no allegation in the complaint, and no evidence shown by the exceptions, of any contract or agreement between the parties. The house having been the property of the defendant was mortgaged by him for security of his debt; according to the facts in the case, this mortgage had been foreclosed, and he divested of all estate in the premises; after which, the interest of the mortgagee passed to the complainant by the assignments. The latter was the absolute owner of the house, it being personal property, and the defendant was in the occupation of the same; the complainant's title accrued two days before the notice to quit, given to the defendant; no relation of landlord and tenant can be implied or inferred from the facts reported.

*Exceptions overruled.*