TRIMOUNT COIN MACHINE CO.
*vs.*
ERNEST H. JOHNSON, STATE TAX ASSESSOR

Kennebec. Opinion, July 31, 1956.

*Berman, Berman & Wernick,* for petitioner.

*Boyd L. Bailey, Asst. Atty. Gen.,* for State.

SITTING: FELLOWS, C. J., WILLIAMSON, WEBBER, BELIVEAU, TAPLEY, JJ. MURRAY, A. R. J. CLARKE, J., did not sit.

WILLIAMSON, J.    This petition for a declaratory judgment is before us on report upon an agreed statement of facts. Uniform Declaratory Judgments Act, R. S., c. 107, §§ 38-50.

The problem is whether the petitioner is liable for payment of a use tax upon coin operated amusement machines leased in Maine. Sales and Use Tax Law, R. S., c. 17, § 4.

The petitioner, Trimount Coin Machine Company, a Massachusetts corporation with its only place of business in Massachusetts, purchases coin operated machines and distributes them either by sale or lease. We are here interested only in machines leased for operation within Maine. Leases are bona fide and are not deemed in lieu of purchase. Prospective customers come to the petitioner's Boston office to lease machines, or telephone their orders to the Boston office, or they may place orders through petitioner's salesmen who visit Maine from time to time. When a customer and the petitioner agree upon terms of the lease, the machine is either delivered in Boston to the customer or is shipped f.o.b. Boston to him in Maine. The lease in each instance is executed in Massachusetts and rentals are there paid.

There is nothing in the agreed statement to indicate that the petitioner has ever come into Maine to enforce any provision of such a lease. While the customer or lessee is under an obligation to keep the petitioner informed of the location of the machine, it appears that in practice the petitioner does not insist on performance of this provision.

The state tax assessor contends, to use his words, that the petitioner "should pay a use tax on machines newly purchased by Trimount, which are brought into the State of Maine by the lessee for their first use."

The pertinent parts of the Sales and Use Tax (R. S., c. 17) are:

> "Sec. 4. Use Tax. A tax is imposed on the storage, use or other consumption in this state of tangible personal property, purchased at retail sale at the rate of 2% of the sale price. Every person so storing, using or otherwise consuming is liable for the tax until he has paid the same or has taken a receipt from his seller, thereto duly authorized by the assessor, showing that the seller has collected the sales or use tax, in which case the

seller shall be liable for it. Retailers registered under the provisions of section 6 or 8 shall collect such tax and make remittance to the assessor. The amount of such tax payable by the purchaser shall be that provided in the case of sales taxes by section 5. . ." (Amendment Laws 1955, c. 144 not here material.)

"Sec. 2. Definitions. 'Retail sale' or 'sale at retail' means any sale of tangible personal property, in the ordinary course of business, for consumption or use, or for any purpose other than for resale, except resale as a casual sale, in the form of tangible personal property. The term 'retail sale' or 'sale at retail' includes conditional sales, installment lease sales, and any other transfer of tangible personal property when the title is retained as security for the payment of the purchase price and is intended to be transferred later. . ."

" 'Sale' means any transfer, exchange or barter, in any manner or by any means whatsoever, for a consideration in the regular course of business and includes leases and contracts payable by rental or license fees for the right of possession and use, but only when such leases and contracts are deemed to be in lieu of purchase by the state tax assessor."

\* \* \* \* \* \* \*

" 'Storage' includes any keeping or retention in this state for any purpose, except subsequent use outside of this state, of tangible personal property purchased at retail sale."

" 'Storage' or 'use' does not include keeping or retention or the exercise of power over tangible personal property brought into this state for the purpose of subsequently transporting it outside the state."

\* \* \* \* \* \* \*

" 'Use' includes the exercise in this state of any right or power over tangible personal property incident to its ownership when purchased by the user at retail sale."

The decisive issue is whether the petitioner has exercised in this State any right or power over the machine described in the agreed statement incident to its ownership.

We may agree on the impact of the statute upon certain facts. (1) The machine in question was "purchased at retail sale" by the non-resident petitioner outside of Maine. (2) No sales or use tax was paid thereon in another taxing jurisdiction. Hence there is no exemption from the application in whole or in part of the use tax under Section 12 relating to sales or use taxes paid in other jurisdictions. (3) The Maine customer or lessee is not a purchaser at retail sale and hence is not liable for the tax. Under Section 4 the person "so storing, using or otherwise consuming" is liable unless under stated conditions he has taken a receipt from his seller. Further, the word "storage" relates only to "tangible personal property purchased at retail sale" and "use" to such property "when purchased by the user at retail sale." (Sec. 2). Plainly the use tax is directed at the purchaser. (4) There is no "storage, use or other consumption" by the petitioner in Maine. (Sec. 4). (5) The machine is being used in Maine by the lessee.

The question, however, is not whether the machine is in use, within the ordinary meaning of the word, in Maine, but whether the petitioner is so using it within the meaning of the statute. The person taxable must be both a user and the purchaser at retail sale. The lessee in Maine is a *user* but *not* the purchaser and hence is not taxable. The petitioner is the purchaser. Thus the decision turns on whether there is "use" in Maine by the lessor.

In our view of the statute the petitioner is not liable for a use tax. The use and possession of the property in Maine in its entirety is, and at all times has been, in the lessee or customer by virtue of the lease. In the instant case, as we have seen, the lease is bona fide and is not "in lieu of pur-

chase." The rental provided under the lease is therefore true rent for the use of the property.

To lease property in ordinary meaning is to obtain the use and possession of property in return for rent. In *Opinion of Justices,* 146 Me. 183, 188, 79 A. (2nd) 753, relating to a proposed lease by the Maine State Office Building Authority to the State, the justices said, "The so-called lease is not in legal effect a lease, it is a contract of purchase. The so-called rental is not true rent, to wit, payment for the use of property." Under a bona fide lease it is contemplated that use for a limited time by the lessee will be followed by a return of the property to the lessor. In a conditional sale, for example, the end is ultimate ownership by the buyer. 2 Williston Sales, § 336 (1948 rev. ed.) ; *Sawyer* v. *Hanson,* 24 Me. 542, 545; *Holbrook* v. *Armstrong,* 10 Me. 31, 34.

If the petitioner exercises in this State any right or power incident to its ownership of the machine, the use tax is imposed. The tax does not rest upon the *sum total* of rights and powers incident to ownership, but upon *any* right or power. There is, of course, no use tax arising under any theory of the Act from the purchase of the machine outside of Maine or from the lease written in Massachusetts. Until the machine reached the State of Maine there was no action whatsoever within the State with respect to the property owned by the petitioner.

From the agreed statement it appears that the petitioner has done nothing with respect to the machine within the State of Maine either before or since making the lease. We conclude, therefore, that the petitioner has not exercised in this State any right or power over the property within the statutory definition of "use."

Our decision is based upon and limited strictly to the facts set forth in the agreed statement. At what point a

lessor or owner does exercise a right or power in this State under the statute we do not here consider or determine, except that there has been no such exercise in this State on the facts before us.

In light of our decision it is unnecessary to consider the argument of the petitioner that the use tax statute, construed and applied as contended by the tax assessor in the instant case, is unconstitutional and void.

> *Case remanded to the Superior Court for the entry of a declaratory judgment decree in accordance with this opinion.*