93 · 99
e101 557

## CHARLES E. RACKLIFF

*vs.*

## INHABITANTS OF GREENBUSH.

Penobscot.     Opinion June 5, 1899.

*Burial of Soldiers.     Liability of Towns.     Municipal Officers.     Stat. 1887, c. 33,*
§§ 1, 2.

Whenever a statute gives a right, the party shall by consequence have an action to recover it, although the statute prescribes no specific remedy.

Chapter 33 of the Public Laws of 1887 provides that whenever any person who served in the army, navy or marine corps of the United States during the rebellion and was lawfully discharged therefrom, shall die, being at the time of his death a resident of this State and being in destitute circumstances, the State shall pay the necessary expenses of his burial not exceeding thirty-five dollars; and that the municipal officers of the city or town in which such deceased had his residence at the time of his death, shall pay the expenses of his burial; and that, upon satisfactory proof, the state shall refund said town or city the amount so paid. The plaintiff, an undertaker, provided a casket and robe of the value of twenty-four dollars for the burial of such deceased soldier which the municipal officers of the defendant town, in which

the deceased had his residence at the time of his death, refused to pay. *Held:*

1.  That the statute does not require that such burial shall be provided, or that the expenses of such burial shall be authorized, by the municipal officers:

2.  That it is the duty of the municipal officers to pay such burial expenses from the funds of the town:

3.  That upon a refusal of the municipal officers to pay such expenses, they may be recovered of the town in an action of assumpsit.

ON REPORT.

The case appears in the opinion.

*Clarence Scott and Hugo Clark,* for plaintiff.

*F. H. Appleton and H. R. Chaplin,* for defendant.

This action cannot be maintained unless by virtue of c. 33, statute of 1887. Under this statute the town cannot be holden for two reasons. 1st. In that statute no action is given against the town. *Mitchell* v. *Rockland,* 52 Maine, 118. 2nd. No duty is by that statute put upon the town, but the duty, if any there be, is upon the municipal officers. The duty of paying, in the case of an unincorporated place is upon a town, but the duty of paying in the case of a city or town is upon the municipal officers. No other conclusion is admissible unless the court shall say that the words municipal officers mean the same thing as cities or towns. The duty thus being upon the municipal officers they are the tribunal to decide whether the case of the person who dies comes within the statute, whether payment shall be made. The municipal officers not being agents of the town and the town not having the power to control their action, it is contrary to the letter and spirit of the statute to say that any duty rests upon the town; and therefore no action lies against the town. The municipal officers, then, act in the performance of a duty put upon them as municipal officers by the state for purposes of its own; they act for the state, for the public generally. *Young* v. *Yarmouth,* 9 Gray, 386; *Bulger* v. *Eden,* 82 Maine, 352; *Farrington* v. *Anson,* 77 Maine, 405; *Brown* v. *Vinal Haven,* 65 Maine, 402. The fact that the municipal officers are to use the town's money to pay, does not affect the question. *Cushing* v. *Bedford,* 125 Mass. 256; *Young* v. *Yarmouth,* supra.

In order to maintain this action, the court must find that the municipal officers have no discretion whatever, and that they and the town refuse to pay at their peril.

SITTING: PETERS, C. J., EMERY, HASKELL, WHITEHOUSE, STROUT, FOGLER, JJ.

FOGLER, J. Chapter 33 of the Public Laws of 1887, § 1, provides that whenever any person who served in the army, navy or marine corps of the United States during the rebellion and was honorably discharged therefrom, shall die, being at the time of his death a resident of this state, and being in destitute circumstances, the state shall pay the necessary expenses of his burial, not exceeding thirty-five dollars, and the burial shall be in some cemetery not used exclusively for the burial of pauper dead. Section 2 of the same chapter provides that the municipal officers of cities and towns in which such deceased has his residence at the time of his death, shall pay the expenses of his burial, and upon satisfactory proof by such town or city to the governor and council of the fact of such death and payment, the governor shall authorize the state treasurer to refund said city or town the amount so paid.

Andrew Oakes, who, it is admitted, served in the army of the United States during the rebellion and was honorably discharged therefrom, died on the thirtieth day of November, 1890, in Greenbush, in which town he had his residence at the time of his death. The testimony proves that he died in destitute circumstances. He had been a sick man and unable to perform labor for several years. His only property was a parcel of real estate which was mortgaged to its full value, or more, to secure the payment of his attending physician. The plaintiff, an undertaker residing in Old Town, furnished at the request of one John C. Hinckley, a brother-in-law of Oakes, for the burial of Oakes, a casket, the price of which was twenty-two dollars, and a robe, the price of which was two dollars. At the time of ordering the casket and robe, Hinckley informed the plaintiff that "the state allowed thirty-five dollars for burial money and it came through the town; the town paid it and drawed it back." Oakes was buried in the

casket and robe in a general burying ground in the town of Green-
bush.   When the casket and robe were delivered, the plaintiff gave
Hinckley a bill of them and subsequently Hinckley presented the
bill to the municipal officers of the town of Greenbush who
refused payment, saying, "why didn't you come and tell us that
he was dead so we could go and bury him;" and, further, that
they didn't know that the state furnished any money to pay it and
they were not going to pay it out of their own pockets.   The
plaintiff brings this suit to recover payment for the casket and
robe.   Is the action maintainable?   We think it is.

It is true, as a general rule, that no man can make himself, by
his own act, a creditor of a town.   The rule obtains in all cases
where the statute imposes upon the officers of a town the perform-
ance of some duty, the doing of some act, as in cases of furnishing
pauper supplies, of pauper burials, the repair of highways, or in
case of contagious diseases, etc.   In such cases no person, other
than the proper officers of the town, can perform such duties or do
such acts at the expense of the town.   Thus a town is required by
law to furnish relief through its overseers of the poor to any per-
son found within its limits destitute and in need of relief, but, in
the absence of any statute authorizing it, no other person can fur-
nish relief, however urgent the necessity may be, on the credit and
at the expense of the town.   But, in the case at bar, the statute
does not require or authorize either the town or its officers to take
charge of or provide a burial for the deceased soldier, nor is it
required that the expenses of the burial shall be authorized by the
municipal officers, or by any officer representing either the town or
the state.   The state undertakes, through the instrumentality of
the town, to "pay" the burial expenses of the soldier.   The
municipal officers are required to perform no duty, to do no act in
the matter of the burial, but are simply required to "pay" the burial
expenses; and the state "upon satisfactory proof by such town
or city .  .  . of the fact of such death and payment" undertakes
to refund said town or city the amount so paid.   The obvious inten-
tion of the statute is that the town shall pay the expenses of burial
to whomsoever shall incur them.   The case is somewhat analagous

to the payment of the expenses of the burial of any deceased person by any proper person, in which this court has held that such expenses, so incurred, are a proper charge against the estate of the deceased, though no one is authorized to bind the estate. *Phillips* v. *Phillips*, 87 Maine, 324; *Fogg* v. *Holbrook*, 88 Maine, 169.

In the case last cited the court says: "The services must be rendered; it is better that those things should be done upon the credit of the estate, than that there should be hesitation and inquiry as to who is liable to pay."

This construction of the act is in accord with the manifest intention of the legislature, which was that no honorably discharged soldier who had served his country during the war of the rebellion, should, at his death, fill a pauper's grave; and that there should not be even the semblance of a pauper burial, as would be the case if the municipal officers, who, in towns, are usually overseers of the poor, were required to provide for the burial. If the municipal officers are, under the act in question, in the first instance, to provide or authorize the expenses of such soldier's burial, they can only do so upon proof of his services and his honorable discharge. The obtaining of such proof may require days or weeks, especially when the deceased served in the navy or marine corps, or in the army in a regiment of another state. Could it have been the intention of the legislature that, in such case, the soldier should remain unburied during the time required for obtaining such proof?

When a bill for such burial expenses is presented to the municipal officers of a town, they then have ample opportunity to investigate and determine whether they come within the purview of the statute. If payment is refused, what is the remedy of the party who provided the burial? He has none against the state, for the state authorities are required to refund to the town. He has none against the municipal officers who have no remedy against the state. His remedy, if he has any, and it is not to be presumed that he is without remedy, can only be by a suit against the town, in which the question of the soldier's service and of his honorable discharge and of his destitute circumstances at the time of his death can be determined.

In the case at bar, the defendant town does not deny that the soldier served in the army of the United States during the war of the rebellion, or that he was honorably discharged therefrom, or that he died in destitute circumstances; but all these essential facts are admitted or proved. The defense is technically that the town is not liable because it says that the burial should have been provided or authorized by the municipal officers to enable the plaintiff to recover against the town.

The defense says further that no action will lie against the town for such burial expenses because by the statute no right of action is given against the town. It is true that the statute prescribes no specific remedy. It is a familiar maxim that "whenever a statute gives a right, the party shall, by consequence, have an action to recover it." *Stearns* v. *Atlantic & St. L. R. R. Co.* 46 Maine, 115. "It is a vain thing," says the court in the case above cited, "to imagine a right without a remedy, for want of right and want of remedy are reciprocal." In *Farwell* v. *Rockland*, 62 Maine, 296, it was held that an action of assumpsit was maintainable against the city of Rockland by the judge of the police court of that city for his salary, though he had no contract with the city and no right of action was given by statute. The court say, quoting from *The People* v. *The Mayor, etc., of New York*, 23 Wend. 685, " an action on the case or assumpsit will lie for neglect of corporate duty."

It cannot be presumed that the statute in question imposes upon the municipal officers the duty of personally paying the burial expenses of the deceased soldier, nor that the plaintiff's remedy, if any he has, is against such officer.

A statute must be construed as a whole, and the construction ought to be such as may best answer the intention of the legislature. Such intention is to be sought by an examination and consideration of all its parts, and not from any particular word or phrase that may be contained in it. This is the guiding star in the construction of any statute. Such a construction must prevail as will form a consistent and harmonious whole. *Berry* v. *Clary*,

77 Maine, 482; *Smith* v. *Chase*, 71 Maine, 164; *Lyon* v. *Lyon*, 88 Maine, 395.

It is true that the statute makes it the duty of the municipal officers to pay the burial expenses in a case like that at bar, but it also provides that the state shall refund, not to the municipal officers, but to the town, the amount so paid. The legislature should not be held to the absurdity of requiring a payment by the municipal officers, in their individual capacity, and a refunding to the town of the amount so paid. The word "refund" implies a payment to the town of money previously paid by the town. The obvious meaning of the statute, in this respect, is that such burial expenses shall be paid by the municipal officers, not in their individual capacity, but from the funds of the town, at the charge of the town, to be refunded to the town by the state.

The defendant's counsel contended further that the municipal officers are not in respect to the statute, agents of their town, and that, therefore, the town is not bound by their acts, or their failure to act.

Assuming this to be correct, the plaintiff does not seek to recover by virtue of any contract with, or through any act of, the municipal officers. He sues to recover under and by virtue of a liability which the law has imposed upon the town. It is true that the legislature has designated the officers of the town whose duty it is to see that the burial expenses shall be paid. It has done the same in other instances. In the case of state paupers the statute makes it the duty of overseers of the poor of towns to furnish relief to such paupers, the expenses so incurred to be reimbursed to the town by the state. Will it be contended that the overseers of the poor in the relief of state paupers, are not acting in behalf of their town, and that no liability attaches to the town for the relief furnished? If it be true, as argued by the defendant's counsel, that the municipal officers were not the agents of the town, in the transaction, the town by their refusal to pay, cannot be absolved from the liability which the statute has imposed upon it.

We are of opinion that the duty of paying a soldier's burial expenses in a case within the terms of the statute is upon the

town; and that the plaintiff, having furnished a casket and robe for the burial of the soldier, Oakes, can recover therefor against the defendant town.

Judgment for plaintiff for twenty-four dollars with interest from date of writ.            *Defendant defaulted.*