104 706
o110 162
o110 164

# RAILROAD *v.* WELLS.

## (*Jackson.* June 26, 1900.)

1. CONSTITUTIONAL LAW. *Statute creating attorney's lien valid.*

    The statute (Acts 1899, Ch. 243) giving to plaintiff's attorneys of record, in actions brought in courts of record, a lien for fees upon the right of action from the date of institution of the suit or of subsequent employment of the attorney with notice of that fact, is constitutional and valid. (*Post, pp. 708–710.*)

    Act construed: Acts 1899, Ch. 243.

2. SAME. *Policy or impolicy of passing statutes.*

    The question whether it is politic or impolitic to enact a statute is one exclusively for the Legislature, with which the Courts have no concern. The Courts will not even consider that question as affecting their action in passing upon the constitutional validity of statutes. (*Post, p. 710.*)

    Constitution construed: Art. II., § 3.

    Cases cited: Reelfoot Lake Dist. *v.* Dawson, 97 Tenn., 159; Sutton *v.* State, 96 Tenn., 696; Henley *v.* State, 98 Tenn., 665.

3. SAME. *Statute creating new right need not prescribe remedy.*

    There is no constitutional requirement that a statute creating a new right shall likewise prescribe a method for enforcement of that right. Hence the statute creating a lien upon plaintiff's right of action in favor of his attorneys is not invalid for failure to prescribe a method for enforcing that lien. The general law provides ample means for enforcement of this lien. (*Post, pp. 710, 711.*)

4. SAME. *Statute declaring lien upon intangible right valid.*

    There is nothing in the Constitution that forbids the Legislature to declare a lien in favor of attorneys upon the intangible, incorporeal rights of action of their clients. The Constitution does not limit legislation to tangible and corporeal matters. (*Post, p. 711.*)

Railroad v. Wells.

5. SAME. *Statute creating attorney's lien does not unduly deprive plaintiffs of control of their suits.*

The statute (Acts 1899, Ch. 243) extending attorney's lien to their client's right of action in certain cases is not invalid as unduly depriving the client of control of his action. (*Post, pp. 711, 712.*)

Act construed: Acts 1899, Ch. 243.

6. ATTORNEY'S LIEN. *Statute enlarging does not render defendant liable for plaintiff's attorney fees.*

The statute (Acts 1899, Ch. 243) extending the lien of attorneys to their clients' right of action in certain cases, has not the effect to render defendants liable for the fees of plaintiff's attorneys. The attorney's right in all cases is limited by the amount that his client recovers or receives upon verdict or good faith compromise. (*Post, pp. 711, 712.*)

Act construed: Acts 1899, Ch. 243.

7. SAME. *Method of enforcing lien.*

Where an action, in which plaintiff's attorney has a lien upon the right of action under the statute, is compromised and dismissed, without consent of attorneys, upon defendant's payment or agreement to pay plaintiff a fixed sum, the proper practice is to enter judgment for the compromise amount, to be satisfied by the payment of the fee of plaintiff's attorney when the amount of such fee shall be fixed by agreement or other appropriate method. (*Post, pp. 712, 714.*)

Cases cited: Pleasants v. Kortrecht, 5 Heis., 695; Hunt v. McClanahan, 1 Heis., 510; Perkins v. Perkins, 9 Heis., 95.

8. COSTS. *Of appeal.*

Where, on appeal, the judgment of the lower Court is changed in form merely and not in its legal effect, the appellant will be deemed the unsuccessful party, and taxed with the costs of the appeal. (*Post, p. 714.*)

FROM LAUDERDALE.

Appeal in error from Circuit Court of Lauderdale County. THOS. J. FLIPPIN, J.

Railroad *v.* Wells.

FENTRESS & COOPER, DRAPER & RICE, KIRKPATRICK & TURNER for Railroad.

THOMAS STEEL and BLAIR PIERSON for Wells.

CALDWELL, J. M. D. Wells sued the Illinois Central Railroad Company for $1,999 as damages for personal injuries, which he alleged it negligently and wrongfully inflicted on him.

After its demurrer was overruled the defendant filed a plea of not guilty.

At the trial term the defendant presented a written paper showing that it had paid the plaintiff $100 in full compromise and settlement of his suit, and thereupon moved the Court for an order of dismissal. This motion was resisted by Messrs. Thos. Steele and Blair Pierson, who brought the suit for the plaintiff, and were his only attorneys of record, their resistance being made upon the ground that they had a lien on the plaintiff's cause of action for their reasonable fees, and that the $100 was paid to him without their consent. Instead of sustaining the defendant's motion to dismiss, the Court, on the motion of the plaintiff's attorneys, referred the case to the Clerk to ascertain what sum would be reasonable compensation for the services rendered the plaintiff by them. The Clerk reported a joint fee of $50, the Court confirmed that report over the exception of the defendant, and rendered judgment in favor of the attorneys and against the defendant for that amount. The defendant has brought the case

Railroad *v.* Wells.

to this Court, and here filed numerous assignments of error, denying, in the first place, that plaintiff's attorneys ever had a lien, and asserting, in the second place, that if they had one they have not adopted a proper method of enforcing it.

The claim of lien is rested on Chapter 243 of the Acts of 1899, but the defendant challenges the constitutionality of that enactment in several points. The Act is as follows:

"Section 1. *Be it enacted by the General Assembly of the State of Tennessee,* That attorneys of record who begin a suit in a Court of Record in this State shall have a lien upon the plaintiff's right of action from the date of the filing of the suit.

"Sec. 2. *Be it further enacted,* That any attorney who is employed to prosecute a suit that has already been brought in any Court of Record in this State shall have a lien upon the plaintiff's right of action from the date of his employment in the case; .provided the record of the case will first be made to show such employment by notice upon the rule docket of such Court, or a written memorandum filed with the papers in the case, or by notice served upon the defendant in the case.

"Sec. 3. *Be it further enacted,* That this Act take effect from and after its passage, the public welfare requiring it.

"Passed April 12, 1899."

Railroad *v*. Wells.

Messrs. Steele and Pierson began the suit for the plaintiff, and were his sole attorneys of record; hence, it is clear, under the first section of the Act, that they had a statutory lien on his right of action from the commencement of the suit, if the statute is valid.

We are unable to discover that any of the objections urged against the Act make it unconstitutional. Whether it tends to encourage litigation, and thereby violates sound public policy, the Court is not prepared to say; nor, indeed, is it allowable for the Court to consider that question as in any manner affecting the constitutionality of the Act. Under the organic division of the functions of government, the policy or impolicy of a given Act is a matter for the final decision of the General Assembly as an essential part of its exclusive power of legislation, and the judiciary is precluded from entering that domain.

All legislative authority is vested in the General Assembly. Constitution, Article 2, Section 3; *Reelfott Lake Levee District* v. *Dawson,* 97 Tenn., 159; *Sutton* v. *State,* 96 Tenn., 696; *Henley* v. *State,* 98 Tenn., 665.

It is true, as suggested, that the present Act does not prescribe any method for the enforcement of the lien declared; yet, that omission does not render the Act unconstitutional, since there is no provision in the organic law requiring that Acts granting new rights shall likewise provide

new remedies. That statute would undoubtedly have
been more complete within itself, and more simple
in its application, if that omission had been sup-
plied; nevertheless it was manifestly within the
legislative power to declare the lien without more,
and leave the enforcement of it to the general
law in reference to liens, as was in fact done.

Nor was it beyond the power of the Legisla-
ture to declare a lien on a* "right of action"
after suit commenced. It may be conceded that
a right of action is "an intangible, incorporeal
something," but that concession does not justify
the insistence that the Act is, therefore, violative
of the Constitution. That instrument does not
limit legislation to matters tangible and corporeal.

Other impeachments of the Act may well be
answered by the general observation that it does
not deprive "the plaintiff of the right to control
his own suit," nor "make all defendants in suits
brought in Courts of Record liable for the fees
of plaintiff's attorneys." Since the passage of
this Act, as before, the plaintiff may prosecute,
or compromise, or dismiss his suit at will; and
the defendant is liable only for such sum as
may be adjudged, or stipulated, in the plaintiff's
favor.

Now, as formerly, the plaintiff's right of action
is merged in his judgment when one is rendered,
and in the compromise when one is made; and

the amount specified in the one or in the other is the measure of the defendant's liability.

The lien which the statute fixes on the plaintiff's right of action follows the transition without interruption, and simply attaches to that into which the right of action is merged. If a judicial recovery is obtained, the lien attaches to that; if a compromise agreement is made, the lien attaches to that; and in each case the attorney's interest is such that it cannot be defeated or satisfied by a voluntary payment to his client without his consent.

It follows from what has been said that the Act in question is free from constitutional objection, that the first section thereof gave the present plaintiff's attorneys a lien on his right of action for their reasonable fees herein; that the lien so given attached to the compromise agreement when made, and was not defeated or satisfied by the voluntary payment of the $100 to their client without their consent, but still subsists in full force and virtue, notwithstanding that payment.

The agreement by the defendant to pay the plaintiff $100 in compromise of his suit was a practical concession, for all subsequent purposes of the litigation, that the defendant was liable to the plaintiff for that amount; and, when that agreement and the fact that the defendant had paid the $100 to the plaintiff without the consent of his attorneys were disclosed on the motion to dis-

miss, the Circuit Judge should have rendered judgment in favor of the plaintiff and against the defendant for the $100 as protection to the lien of plaintiff's attorneys, and to be satisfied by the payment of their fees when properly ascertained by agreement or by appropriate legal proceedings, and for all costs.

This Court, doing what the lower Court should have done, directs that such a judgment be now entered here. If payment be not made in advance of execution, it will run for the full amount of the judgment, and if the amount of the fees be not definitely fixed before the collection, the Clerk will retain the whole sum collected until the fees are so fixed, and after paying them he will return the residue to the defendant. A judgment in the form indicated will preserve the lien of the attorneys, and at the same time protect the defendant in its previous payment of so much of the $100 as may be in excess of their reasonable fees.

The plaintiff being *sui juris,* was capable of contracting with his attorneys as to the amount of their fees, hence the Court below should not have ordered a reference on that subject and then directed the enforcement of their lien by judgment and execution for the sum reported (*Perkins* v. *Perkins,* 9. Heis., 95); but, instead, the judgment already indicated herein should have been announced, and the attorneys left to fix the amount

Railroad *v.* Wells.

of their fees by consent with their client, or by appropriate legal proceedings against him.

The cases of *Pleasants* v. *Kortrecht,* 5 Heis., 695, and *Hunt* v. *McClannahan,* 1 Heis., 510, furnish ample support for the proposition that a client would not be allowed to defeat the common law lien of his attorneys on impounded property by compromising and dismissing his suit; yet they do not justify the reference and subsequent proceedings in this case.

Since our decision, though reversing the action of the lower Court in the particular just mentioned, results in the mere change of the form of the judgment rendered, the defendant must be deemed the unsuccessful party, and as such adjudged to pay the costs of this Court as well as those of the Court below.

Enter judgment as directed herein.