VIVIAN NASH *vs.* INHABITANTS OF SORRENTO.

Hancock.    Opinion June 26, 1919.

*Public Laws, 1917, Chap. 276, Sec. 10 interpreted.   Rule where a statute
creates a new right but provides no remedy for its enforcement.   Rule
where a remedy is given, as to that being the exclusive way of
enforcing the new right.   Rule where the statute is simply
declaratory of certain common law rights.*

Action against a town by the wife of a man in naval service to recover State aid under Laws of 1917, Chap. 276.

*Held:* that action is not maintainable, the remedy provided by Sec. 10 of the Act being exclusive.

Where a statute creates a new right but provides no remedy for its enforcement a remedy exists by implication; if however the statute conferring the right provides a remedy such remedy is ordinarily exclusive.

Action brought under Public Laws, 1917, Chap. 276, Sec. 10. Case was entered in Bar Harbor Municipal Court, and by agreement of parties was reported to Law Court for determination.   Judgment in accordance with opinion.

Case stated in opinion.

*Percy L. Aiken,* for plaintiff.

*W. B. Blaisdell,* for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, DUNN, WILSON, DEASY, JJ.

DEASY, J.   Action brought by the wife of a man in the United States Naval service against the Town of Sorrento, to recover "State Aid" of four dollars per week, provided by Chap. 276, of the Laws of 1917.

The act provides in substance that the State Aid, so-called, shall in the first instance be paid by towns and that the towns shall be reimbursed by the state.

Sec. 10 of Chap. 276 is as follows:

"If any city, town or plantation, or the municipal officers thereof, shall neglect or refuse to comply with the provisions of this act according to its true intent and meaning, and to the satisfaction of the governor and council, such city, town or plantation, or the municipal officers thereof, as the case may be, shall forfeit and pay the sum of one hundred dollars, one half to the use of the aggrieved party and one half to the county where the cause is tried, to be recovered by an action on the case in any court proper to try the the same."

Where a statute creates a new right but provides no remedy for its enforcement a remedy exists by implication. *Stearns* v. *R. R. Co.*, 46 Maine, 95; *Rackliff* v. *Greenbush*, 93 Maine, 99; *Ricker Classical Institute* v. *Mapleton*, 101 Maine, 553.

If, however, the statute conferring the right provides a remedy such remedy is ordinarily exclusive. *Pollock* v. *Eastern Railroad Co.*, 124 Mass., 158; *Thayer* v. *Kitchen*, 200 Mass., 382; *Great Western Company* v. *State*, 181 Ind., 28, 102 N. E., 849; *Evers* v. *Davis*, 86 N. J. Law, 196, 90 At., 677; *Schmidt* v. *Milwaukee*, 149 Wis., 367; 135 N. W., 883; *State* v. *Western & A. R. Co.*, 136 Ga., 619; 71 S. E., 1055; *Farmers National Bank* v. *Deering*, 91 U. S., 29; *Yates* v. *Jones National Bank*, 206 U. S., 158.

There is a further class of cases holding that where statutes do not create new rights, but are merely declaratory of common law rights, remedies provided by such statutes are cumulative and not exclusive. *Train* v. *Boston Disinfecting Company*, 144 Mass., 523; *Pollock* v. *Eastern Railroad Company*, 124 Mass., 158; *King* v. *Viscoloid Company*, 219 Mass., 420; *Field* v. *Milwaukee*, 161 Wis., 393, 154 N. W., 698; *Levy & Company* v. *Davis*, 115 Va., 814, 80 S. E., 791.

In the pending case the statute involved gives a new right and is not merely declaratory. In Sec. 10 it provides a remedy which we must assume the Legislature intended to be exclusive.

The entry must be,

*Judgment for defendant.*