[No. 35820.   Department One.   March 1, 1962.]

THE STATE OF WASHINGTON, *on the Relation of Albert C. Phillips, Appellant,* v. WASHINGTON STATE LIQUOR CONTROL BOARD *et al., Respondents.**

*Maurice M. Epstein,* for appellant.

*The Attorney General, Arthur Mickey* and *Paul D. Solomon, Assistants,* for respondents.

* Reported in 369 P. (2d) 844.

HILL, J.—This is a mandamus action to enforce the preference in public employment granted to "veterans of any war of the United States" by RCW 73.16.010[1], 73.16.015[2], and "of any war between this country and any foreign country" by RCW 43.66.030[3].

Albert C. Phillips, an honorably discharged veteran, served as an inspector for the Washington State Liquor Control Board from December 1, 1940[4], until September 30, 1959, on which date he was discharged, allegedly "without cause."

Phillips' position as inspector was filled by a nonveteran. He was later reemployed by the Liquor Control Board (October 20, 1959) as a clerk at a salary of $375 per month,

[1] RCW 73.16.010 reads as follows: "Preference in public employment. In every public department, and upon all public works of the state, and of any county thereof, honorably discharged soldiers, sailors, and marines who are veterans of any war of the United States, or of any military campaign for which a campaign ribbon shall have been awarded, and their widows, shall be preferred for appointment and employment. Age, loss of limb, or other physical impairment, which does not in fact incapacitate, shall not be deemed to disqualify them, provided they possess the capacity necessary to discharge the duties of the position involved. [1951 c 29 § 1; 1943 c 141 § 1; 1919 c 26 § 1; 1915 c 129 § 1; 1895 c 84 § 1; Rem. Supp. 1943 § 10753.]"

[2] RCW 73.16.015 reads as follows: "Enforcement of preference— Civil action. Any veteran entitled to the benefits of RCW 73.16.010 may enforce his rights hereunder by civil action in the courts. [1951 c 29 2.]"

[3] RCW 43.66.030 reads as follows: "Employees—Veteran preference. The board may employ such employees as in its judgment are required from time to time, at such rates of salaries or wages as are fixed by the regulations; and any employee may be dismissed or removed by the board at its pleasure. Honorably discharged soldiers and sailors of any war between this country and any foreign country shall be given preference for appointment and employment.

"Persons shall be employed, retained or discharged without prejudice because of political affiliation and when employed shall be under no obligation to contribute to any political fund or to render any political service, nor shall any employee use his official authority or influence to coerce or affect the political action of any person or body. [1947 c 113 § 2; 1933 ex.s. c 62 § 65; Rem. Supp. 1947 § 7306-65.]"

[4] For six years, prior to December 1, 1940, he had worked for the Liquor Control Board as a clerk and a chief clerk.

or $96 a month less than he would have received as an inspector.

Whether or not there was any reason for the dismissal of Phillips as an inspector was never determined, as there was no trial on the merits. The action was dismissed because the trial court concluded that the phrase in RCW 43.66.030 (quoted in note 3) "and any employee may be dismissed or removed by the board at its pleasure," gave the Liquor Control Board carte blanche in the matter of dismissals.

The only issue before us is whether that conclusion was correct.

The history of veteran-preference legislation in this state was briefly stated in our recent en banc opinion in *State ex rel. Bond v. State* (1962), *ante* p. 493, 368 P. (2d) 676.

■ We shall proceed on the state's premise that RCW 73.16.010 and 73.16.015 have no application to the present case and that RCW 43.66.030 does apply. This is based on the rule that where there is any conflict between a general and a specific statute, covering a subject in a more minute and definite way, the specific statute will prevail. *Ackley v. Norcross* (1939), 122 N. J. L. 569, 6 A. (2d) 721. See *State ex rel. Day v. King Cy.* (1957), 50 Wn. (2d) 427, 431, 432, 312 P. (2d) 637.

While the preference given to veterans under RCW 43-.66.030, as part of the State Liquor Control Act, is not so broad as that given under RCW 73.16.010, it is conceded that Phillips was entitled to a preference "for appointment and employment" thereunder; but it is urged that his dismissal as an inspector cannot be questioned, because the same section empowers the State Liquor Control Board to dismiss or remove any employee "at its pleasure." In short, it is urged that the preference right to employment is illusory, because it can be terminated at any time by the board "at its pleasure."

■ RCW 43.66.030 does six things in the following order: (a) it empowers the Liquor Control Board to employ such employees as it requires; (b) it empowers the board

to dismiss and remove employees at its pleasure; (c) it gives veterans of foreign wars preference for appointment and employment; (d) it provides that persons shall be employed, retained or discharged without prejudice because of political affiliation; (e) it provides that no employee shall be under obligation to contribute to any political fund or render any political service; and (f) provides that no employee shall use his official authority or influence to coerce or affect the political action of any person or body.

Several of the provisions, subsequent to (b), seem to be limitations on the board's authority to dismiss and remove employees at its pleasure: A person can challenge the removal if he is a veteran, or if he is being removed because of his political affiliation, or if he is being removed for failure to make political contributions or perform political services. As we read the statute, the power of dismissal "at its pleasure" is not without limitation.

■ There is no specific means of enforcing the preference in employment, and no specific remedy if a veteran's employment is terminated without cause; likewise there is no specific remedy if an employee is discharged because of his political affiliation, or because he will not make political contributions or perform political services; and there is no penalty for disregarding the statute. Hence, the state says the legislature has included in the act the perfectly useless, but high-sounding, statement that:

" . . . Honorably discharged soldiers and sailors of any war between this country and any foreign country shall be given preference for appointment and employment,"

and that there shall be no prejudice in employment or discharge because of political affiliation and the like.

Our analysis satisfies us that the legislature, by that and other provisions in the section, was limiting the board's previously given power of dismissal "at its pleasure."

Unless we are compelled by some prior decision to do so, we are unwilling to put the cynical interpretation,

urged by the state, on the inclusion of those words in § 43.66.030, which renders them meaningless. The nearest we come to such compelling authority is *State ex rel. Breslin v. Todd* (1941), 8 Wn. (2d) 482, 113 P. (2d) 315. In that case we were construing the then general veteran-preference statute, Rem. Rev. Stat., § 10753 (Laws of 1919, c 26, § 1, p. 54) and Rem. Rev. Stat., § 10754 (Laws of 1895, c 84, § 2, p. 166).

The first section (Rem. Rev. Stat. § 10753) gave a preference to veterans and their widows for appointment and employment:

"In every public department, and upon all public works of the state of Washington, and of any county thereof, . . ."

and the second section (Rem. Rev. Stat. § 10754) was the only enforcement section, and it provided that:

" . . . all officials and other persons having power to appoint to or employment in the public service set forth in the last preceding section, are charged with a faithful compliance with its terms, both in letter and in spirit, *and a failure therein shall be a misdemeanor, and on conviction shall be punished by a fine of not less than five dollars nor more than twenty-five dollars.*" (Italics ours.)

The opinion in *Breslin* rested upon the general principle that when a statute gives a new right and prescribes a particular remedy for its enforcement, such remedy is exclusive[5]; hence a prosecution for a failure to reinstate a veteran discharged without cause was held to be the only remedy available. This holding never had the support of a majority of the court[6]. The legislature didn't like the holding, and amended the statute to give any veteran entitled to the benefit of the general veteran-preference statute a civil action in the courts (Laws of 1951, c 29, § 2, p. 59).

We are not here concerned with a new right given by a statute and a specific remedy, as in *Breslin,* but with a

[5]This rule is not without exceptions, as pointed out in Judge Steinert's dissent in *Breslin.*

[6]Only four judges signed the majority opinion; one concurred in the result; four judges dissented, two on the merits and two on procedural grounds.

new right given by a statute and no remedy. The *Breslin* case is not controlling. Courts have consistently held that when a statute gives a new right and no specific remedy, the common law will provide a remedy. *Nash v. Inhabitants of Sorrento* (1919), 118 Me. 224, 107 Atl. 32; *Rackliff v. Inhabitants of Greenbush* (1899), 93 Me. 99, 44 Atl. 375; *McArthur v. St. Louis Piano Co.* (1900), 85 Mo. App. 525; *Railroad v. Wells* (1900), 104 Tenn. 706, 59 S. W. 1041; 3 Cooley on Torts (4th ed.) § 475, p. 352.

As we said in *Anderson v. Pantages Theatre Co.* (1921), 114 Wash. 24, 31, 194 Pac. 813,

" . . . the respondent has a cause of action because he was denied a right which the law specially confers upon him, and which the appellant could not deny without the breach of a public duty the law enjoins upon it. . . ."

■ A mandamus action, such as the present, is a proper remedy to enforce the preference right granted to a veteran for appointment or employment or the right of protection against removal for political reasons. *State ex rel. Bond v. State, supra; State ex rel. Ford v. King Cy.* (1955), 47 Wn. (2d) 911, 290 P. (2d) 465.

We find no merit in the state's contention: That there is sufficient similarity in the position of an inspector for the Liquor Control Board and a deputy sheriff to make *State ex rel. Day v. King Cy., supra,* applicable in this case. The necessity for a sheriff's having complete control of his deputies—from the standpoint of his responsibility and liability for their actions—does not apply to the relationship between the Liquor Control Board and its inspectors or other employees.

The trial court erred in concluding that one entitled to a veteran's preference in employment, under RCW 43.66-.030, may be discharged without good cause shown. The order of dismissal is set aside, and the cause is remanded for further proceedings to give the state an opportunity to show cause, if any exists, for the removal of the relator Phillips as an inspector.

FINLEY, C. J., WEAVER, ROSELLINI, and FOSTER, JJ., concur.