HANBRO, INC.
*vs.*
ERNEST H. JOHNSON
STATE TAX ASSESSOR

Cumberland.    Opinion, May 23, 1962.

_Robert F. Preti,_ for plaintiff.

_Ralph W. Farris, Sr., Asst. Atty. Gen.,_
_Richard A. Foley, Asst. Atty. Gen.,_ for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, DUBORD, SIDDALL, JJ.

SIDDALL, J. On Report. This is an appeal from the assessment of a use tax by the State Tax Assessor, hereafter called the Appellee, against Hanbro, Inc., hereafter called the Appellant. The case was reported from the Superior Court for decision upon the pleadings, affidavits and other instruments of record, and agreed statement of facts. The agreed statement discloses that in 1960 the Appellant purchased in New Hampshire certain store fixtures and other items of personal property upon which the tax assessment was based. The Appellant at that time, and at the time of the assessment of the tax, was a Maine corporation, having its established place of business in South Portland and authorized to do business in New Hampshire. The property so purchased has never been physically present in the State of Maine. The property was installed in a place of business in Gorham, New Hampshire, under a bona fide lease, executed in New Hampshire, from the Appellant to the owner of the business. The State of New Hampshire had no sales or use tax at the time of the purchase and lease. The only act of the Appellant in the State of Maine with reference to the personal property was the receipt of rental monies paid in accordance with the terms of the lease.

It was stipulated that the issues raised on report are (1) whether the provisions of R. S., 1954, Chap. 17, known as the Sales and Use Tax Law, and amendments thereto, with special reference to Section 4, authorized the Appellant to make the tax assessment, and (2) if so, whether those parts of the legislation granting such authority are constitutional.

We take up at this time the first issue raised on appeal.

The pertinent provisions of R. S., 1954, Chap. 17, and amendments thereto, are as follows:

"**Sec. 3. Sales tax.**—A tax is imposed at the rate of 3% on the value of all tangible personal property, sold at retail in this state, and upon the rental charged for living quarters in hotels, rooming houses, tourist or trailer camps, measured by the sale price, except as in this chapter provided."

"**Sec. 4. Use Tax.**—A tax is imposed on the storage, use or other consumption in this state of tangible personal property, purchased at retail sale on and after July 1, 1957, at the rate of 3% of the sale price."

"**Sec. 2. Definitions.**—The following words, terms and phrases when used in this statute have the meaning ascribed to them in this section, except where the context clearly indicates a different meaning:"

" 'In this state' or 'in the state' means within the exterior limits of the state of Maine and includes all territory within these limits owned by or ceded to the United States of America."

" 'Storage' includes any keeping or retention in this state for any purpose, except subsequent use outside of this state, of tangible personal property purchased at retail sale."

" 'Storage' or 'use' does not include keeping or retention or the exercise of power over tangible personal property brought into this state for the purpose of subsequently transporting it outside the state."

" 'Tangible personal property' means personal property which may be seen, weighed, measured, felt, touched or in any other manner perceived by the senses, but shall not include rights and credits, insurance policies, bills of exchange, stocks and bonds and similar evidences of indebtedness or ownership."

" 'Use' includes the exercise in this state of any right or power over tangible personal property incident to its ownership when purchased by the user at retail sale."

The question is whether the legislature intended to authorize the assessment of a use tax under the circumstances set forth in the agreed statement. For illustration see *Trimount Co.* v. *Johnson*, 152 Me. 109.

The Appellee contends that the Appellant exercised in this state a right and power over tangible personal property incident to the ownership, within the meaning of the word "use" as defined in the statute, by collecting rentals in Maine from tangible personal property which it purchased at retail sale in New Hampshire and leased to a New Hampshire corporation for use in New Hampshire.

The fundamental rule of statutory construction is to ascertain and carry out the legislative intent. *Cushing* v. *Inhabitants of Bluehill, et al.*, 148 Me. 243, 92 A. (2nd) 330.

In construing statutes courts will take into consideration the legislative intent, the object it had in view, and the mischief it intended to remedy. *Hamilton, et al.* v. *Littlefield*, 149 Me. 48, 51, 98 A. (2nd) 545.

The intention of the legislature in enacting a statute must be sought by an examination and consideration of all its parts and not from any particular word or phrase that may be contained in it. Such a construction must prevail as will form a consistent and harmonious whole. *Rackliff* v. *Greenbush*, 93 Me. 99, 104, 44 A. 375.

Where a tax statute is susceptible of more than one interpretation, the court will incline to the interpretation most favorable to the citizen. *Acheson et al.* v. *Johnson,* 147 Me. 275, 281, 86 A. (2nd) 628.

The Sales and Use Tax Law embraces two distinct types of taxes. One section of the law deals with the imposition of a tax, known as a sales tax, on the value of tangible personal property sold at retail in this state, and on certain rentals. Another section of the act imposes a tax, known as a use tax, on the storage, use or other consumption in the state of tangible personal property, purchased at retail sale. The necessity of a use tax is obvious. It is well known that much personal property is purchased outside the borders of the state and brought into the state for use here. This State is without authority to tax sales beyond its territorial limits. Without some tax to complement and supplement the sales tax, not only would a tax advantage be enjoyed by the buyer who purchases outside of the state and uses that property here, but also local merchants would be at a disadvantage against competition by out of state merchants who may be able to offer lower prices by reason of lower tax burdens. A typical illustration is the purchase of an automobile in a non-taxable state by a citizen of this state for use here. A Maine dealer is obliged to collect a sizeable tax on such a transaction when made in this state. Without a use tax the aggregate purchases of this character would result in a severe tax loss to the State, and present a serious handicap to Maine dealers.

R. S., 1954, Chap. 17, Sec. 4, as amended, without referring to the definition of the word "use" contained therein, conveys the impression that a use tax is imposed upon the use of tangible personal property located in the State of Maine. The difficulty in the present case is the application of the word "use" as defined in Section 2. The word as there defined includes the exercise within this state of

any right or power over tangible personal property incident to its ownership when purchased by the user at retail sale. A similar definition is found in sales and use tax legislation in many jurisdictions. We have, however, found no case, and none has been called to our attention, in which a claim has been made that the receipt of rentals, under a lease executed in another state, of property bought and physically located in that state, was a use of tangible personal property in the state where the rentals were received.

In an endeavor to determine the legislative intent, we have examined the entire text of the Sales and Use Tax Law. It seems clear that the purchase of intangible personal property outside of the state, by a citizen of this state, and the subsequent use or sale thereof in the other state, is not a taxable transaction under our law. If a sale under such circumstances is not taxable here, we see no reason why in the present case a lease of the personal property in New Hampshire, which became an executed contract in that state, should subject the lessor to a use tax, unless the receipt of rentals in this state constitutes a use of the property, within this state.

It was stipulated that the lease was executed and became an executed contract in New Hampshire. It was also stipulated that the only act on the part of the Appellant in this State with relation to the personal property located in New Hampshire was the receipt of rental monies due under the terms of the lease. By the lease transaction, which became an executed contract in New Hampshire, the Appellant exchanged the right to the use and possession of the tangible personal property in New Hampshire in return for a contract in the form of a lease, which is a species of intangible personal property. The right to receive rentals when due was acquired by virtue of the terms of the lease, and the receipt of such rentals, under the circumstances set forth in the agreed statement did not constitute the exercise of a

right or power in this State over the tangible property itself within the definition of the word "use."

This decision is based upon the facts presented to us for consideration. We express no opinion under what circumstances, if any, a person may be subject to a use tax by exercising in this State a right or power incident to ownership over tangible property located in another jurisdiction.

It is unnecessary to determine the constitutional question raised by the Appellant.

The entry will be

*Appeal sustained.*