In re Theodore Wesley HILL, a/k/a
T.W. Hill, a/k/a Ted Hill, a/k/a
Wesley Hill, Debtor.

AMBROSE, WILSON AND GRIMM and
R. David Benner, Administrator Ad Litem for the Estate of John H. Hill,
Plaintiffs,

v.

Theodore Wesley HILL, Defendant.

Bankruptcy No. 3-82-00917.
Adv. No. 3-82-0745.

United States Bankruptcy Court,
E.D. Tennessee.

Dec. 15, 1982.

Ambrose, Wilson & Grimm, Scott R. Fransen, Gregory H. Hodges, Knoxville, Tenn., for plaintiffs.

Harry Wiersema, Jr., Knoxville, Tenn., for defendant.

## MEMORANDUM

CLIVE W. BARE, Bankruptcy Judge.

Cross motions for summary judgment have been filed in this dischargeability action. Plaintiffs contend a judgment in favor of John Harrison Hill and against Theodore Wesley Hill, the debtor, initially obtained on July 21, 1950, and timely renewed as required by statute,[1] should be excepted from discharge pursuant to § 523(a)(2)(A) of the Bankruptcy Code. Plaintiffs allege that the indebtedness represented by the judgment was incurred by false pretenses, a false representation, and fraud and that a previous state court decision is res judicata[2] as to the question of

---

1. Tenn.Code Ann. § 28-3-110 (1980) enacts in pertinent part: "The following actions shall be commenced within ten (10) years after the cause of action accrued: ... (2) Actions on judgments and decrees of courts of record of this or any other state or government ...."

2. Specifically, plaintiffs submit that the debtor is precluded from relitigating the issue of dis-

dischargeability. The debtor disputes the applicability of the res judicata doctrine and contends the plaintiff law firm of Ambrose, Wilson and Grimm does not have standing to challenge his discharge because the firm is not his creditor.

## I

The debtor's voluntary chapter 7 petition was filed on June 25, 1982. Schedule A–3—Creditors Having Unsecured Claims Without Priority—of the debtor's petition identifies the following parties as creditors for the amounts stated:

| | | |
|---|---|---|
| David R. Benner, Administrator Ad Litem, for Estate of John H. Hill | arising out of judgment on July 21, 1950 in the Chancery Court for Knox County, TN. | $50,933.25 |
| Ambrose, Wilson & Grimm | | |
| Mrs. Genevieve Hill Rotroff | | |
| Mrs. Nancy Hill Jarvis | | |
| Margaret Hill Hall | | |
| Herbert H. Hill | | |
| Mrs. Virginia Hill Smartt | | |
| Dorothy Hill Morast | | |
| Chancery Court of Knox County | Court Costs | $ 170.95 |

No other creditors were listed in the debtor's schedules. It is assumed by the court that the individual creditors are the heirs of the estate of John H. Hill. None of them have requested that the judgment in question be excepted from the debtor's discharge.

The only proof of claim which has been filed to date identifies Ambrose, Wilson & Grimm and David Benner, Administrator Ad Litem for Estate of John H. Hill, as creditors having a claim for $50,933.25. The proof of claim is dated and filed on July 22, 1982, and signed by Samuel W. Rutherford, an associate of the law firm of Ambrose, Wilson and Grimm.

chargeability by "the doctrine of Res Judicata and/or Collateral Estoppel."

On August 23, 1982, a complaint to determine dischargeability was filed in which the plaintiffs are identified as the law firm of Ambrose, Wilson and Grimm and David R. Brenner, Administrator Ad Litem for the Estate of John H. Hill.

R. David Benner, not David R. Brenner, was the administrator ad litem for the estate of John H. Hill in the most recent action to renew the judgment which is the subject of this action against the debtor. Benner was advised that Ambrose, Wilson and Grimm intended to commence the instant dischargeability action, but he considered his appointment as administrator ad litem concluded with the entry of the March 17, 1982, Final Decree renewing the judgment. According to Benner's affidavit, he has not had any contact with the heirs of the estate of John H. Hill nor has he been asked to take any action for the defendant's estate. Thus, the Ambrose law firm is really the only plaintiff seeking to except the judgment from discharge.

## II

Preliminarily, the court must determine whether the plaintiff is a creditor of the debtor. If not, the court must decide whether plaintiff may request that a debt owed to a third party be excepted from the debtor's discharge.

A Final Decree, entered on July 21, 1950, by the Knox County Chancery Court provides that John Harrison Hill is entitled to recover from T. Wesley Hill, the debtor, "Seven Thousand Dollars ($7,000.00), together with interest thereon ... plus Attorneys' fees of fifteen per cent (15%), which in the amount of $1,306.06 the Court finds reasonable in this cause ...." This decree was confirmed by an order of the Court of Appeals of Tennessee dated January 10, 1951.[3] The appellate court order recites in part: "On motion of Ambrose & Wilson, Attorneys for John Harrison Hill, a

3. The opinion of the court of appeals is reported, *Hill v. Hill,* 34 Tenn.App. 617, 241 S.W.2d 865 (1951).

lien on the above recovery for their reasonable attorneys' fee is hereby declared and allowed."

On January 7, 1952, a Debtor's Petition in Bankruptcy was filed by Theodore Wesley Hill in the Eastern District of Tennessee. The bankrupt scheduled three debts—a $10,000.00 judgment (the progenitor of the judgment at issue), an unsecured debt in the amount of $100.00 to Park National Bank, and a priority debt of $125.00 owed to the municipality of Knoxville. Plaintiff was not listed as a creditor in the bankrupt's schedules. A Discharge of Bankrupt was entered on April 30, 1952.

John H. Hill filed a complaint on March 5, 1960, to renew his judgment against the debtor, his brother. The debtor answered by specifically pleading the previous entry of his bankruptcy discharge. The Knox County Chancellor concluded that the judgment was nondischargeable, as evidenced by a Final Decree dated April 18, 1962. This decree was affirmed by the Court of Appeals of Tennessee. The order of affirmance recites in part: "A lien is hereby declared and allowed Ambrose, Wilson and Saulpaw, attorneys of record, for their reasonable attorney fee on above recovery."

The judgment in question was renewed again at the instance of John H. Hill on September 9, 1971. Although John H. Hill died on a date undisclosed in the record, the judgment was renewed for the third time on behalf of his estate when another Final Decree was entered on March 17, 1982, in the Knox County Chancery Court.

■ None of the decrees in this case provide that the debtor is indebted to the plaintiff. Two separate decrees of the Court of Appeals of Tennessee explicitly provide for imposition of a lien on behalf of

the plaintiff against the judgment at issue. An attorney who commences a suit is indeed entitled to a lien upon his client's cause of action. Tenn.Code Ann. § 23–2–102 (1980). But, an attorney's lien against either his client's cause of action or judgment is not the functional equivalent of an indebtedness owing to the attorney by the client's obligor. Tenn.Code Ann. § 23–2–102 (1980) does not obligate a defendant to pay the plaintiff's attorney fees. *Illinois Cent. R.R. v. Wells,* 104 Tenn. 706, 59 S.W. 1041 (1900).

■ Although plaintiff is not a creditor of the debtor, may it nevertheless seek a dischargeability determination of an obligation of the debtor to a third party? This question must be answered in the negative. Rules Bankr.Proc.Rule 409, 11 U.S.C.A. recites in part:

> (a) *Proceeding to Determine Dischargeability*
>
> > (1) *Persons Entitled to File Complaint; Time for Filing in Ordinary Case.* A bankrupt or any creditor [4] may file a complaint with the court to obtain a determination of the dischargeability of any debt.

Interim Rule 4003 provides that Bankruptcy Rule 409(a) continues to be applicable in chapter 7 cases. Rule 409(a) is not inconsistent with § 523(c) of the Bankruptcy Code, which enacts:

> [T]he debtor shall be discharged from a debt specified in paragraph (2) . . . of subsection (a) of this section, unless, *on request of the creditor to whom such debt is owed,* and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2) . . . of subsection (a) of this section. (emphasis added)

---

4. It has been observed that the language of this rule is very broad and that it should be applied with some limitation. "It [the rule] states that the bankrupt or *any* creditor may file a complaint to determine the dischargeability of *any* debt. This obviously was not intended to mean that a creditor could file a complaint to deter-

mine the dischargeability of a debt not held by him but owned by another creditor. Creditors should have standing to file the complaint under Rule 409(a)(1) only with respect to their own debts." 1A Collier on Bankruptcy ¶ 17.-28A[2] (14th ed. 1973).

Bankruptcy Rule 409(a) and § 523(c) of the Bankruptcy Code require that any party, other than the debtor, seeking a dischargeability determination must be a creditor of the debtor. Otherwise, a party does not have standing to challenge the dischargeability of an obligation.[5]

The holding of the court, which is clearly supported by the legislative history [6] of § 523(c) of the Code, obviates the necessity of reaching the question of the applicability of the res judicata doctrine.

The motion for summary judgment of the plaintiff is denied, and the debtor's motion for summary judgment is granted.

**5.** The court's decision does not conflict with the decision of the Second Circuit Court of Appeals in *In re Spong,* 661 F.2d 6 (2d Cir. 1981). In *Spong* the debtor had agreed to pay a portion of his former wife's legal fees incurred in their contested divorce proceeding. The debtor's agreement was incorporated in the final judgment of divorce. The bankruptcy court declined to except the attorney's fee from the debtor's discharge on the basis that, although the payment was actually in the nature of alimony, maintenance or support, it was not payable to a spouse, former spouse, or child. The bankruptcy court's decision, which was affirmed by the district court, further provided that the attorney did not have standing to challenge the dischargeability of the obligation to him. The court of appeals disagreed, finding that the debtor's promise to pay a portion of his former wife's attorney fee created "a paradigmatic third party beneficiary contract." *Id.* at 10.

In contradistinction to the facts in *Spong,* the debtor in the case before this court never prom-

ised nor undertook to pay any attorney fee owing to the plaintiff.

**6.** "The Rules of Bankruptcy Procedure will specify, as they do today, who may request determination of dischargeability, subject, of course, to proposed 11 U.S.C. § 523(c) .... Subsection (c) requires a creditor who is owed a debt that may be excepted from discharge under paragraph (2) ... to initiate proceedings in the bankruptcy court for an exception to discharge. *If the creditor does not act, the debt is discharged.*" (emphasis added) S.Rep. No. 989, 95th Cong., 2d Sess. 77, 80, *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 5863, 5865–66.

"Subsection (c) requires a creditor who is owed a debt that may be excepted from discharge under paragraph (2) ... to initiate proceedings in the bankruptcy court for an exception to discharge. *If the creditor does not act, the debt is discharged.*" (emphasis added) H.Rep. No. 595, 95th Cong. 2d Sess. 365, *reprinted in* 1978 U.S.Code Cong. & Ad.News 5963, 6321.