James KATZ d/b/a Portsmouth
Lino-Mart

v.

STATE TAX ASSESSOR.

Supreme Judicial Court of Maine.

Argued Nov. 10, 1983.

Decided March 6, 1984.

Strater, Hancock & Erwin, Frank E. Hancock (orally), York, for plaintiff.

James E. Tierney, Atty. Gen., Clifford B. Olson (orally), Asst. Atty. Gen., Augusta, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

SCOLNIK, Justice.

The defendant, State Tax Assessor, appeals from a decision of the Superior Court, York County, overturning his assessment of a use tax, together with interest and penalties in the amount of $11,342.51 against the plaintiff, James Katz, covering the period from July 1, 1976 to September 30, 1979. We vacate the judgment and remand to the Superior Court for further findings of fact and conclusions of law.

The plaintiff is engaged in the business of selling floor and wall coverings from his Portsmouth, New Hampshire store, the Portsmouth Lino-Mart. A Maine contractor, Robert Levesque, who constructed homes and apartment buildings in the Kittery and Elliot areas, was a frequent customer. In their course of dealings, the plaintiff delivered to, and installed in, Levesque's buildings carpeting, linoleum, and other floor coverings. Levesque was later submitted an invoice which did not distinguish between labor and materials. Neither a sales tax nor a use tax was invoiced or paid on any of the transactions.

On October 27, 1980, the State Tax Assessor assessed a use tax, 36 M.R.S.A. §§ 141, 1861, on the plaintiff's transactions with Levesque for the period of July 1, 1976 to September 30, 1979. The assessment was subsequently confirmed in the Assessor's decision on the plaintiff's petition for reconsideration. 36 M.R.S.A. § 151. On July 2, 1981, a petition for review of the assessment was filed in Superior Court pursuant to 5 M.R.S.A. § 11002. After hearing, the court overturned the assessment on the ground that mere installation was not a taxable use. The Court denied the Assessor's motion for findings of fact and conclusions of law as to whether the sales of the floor coverings occurred in Maine or New Hampshire and whether, at the time of such sales, the floor coverings constituted real or personal property, and this appeal followed. Because we find that installation in certain circumstances constitutes a taxable use, we vacate the judgment and remand to the Superior Court.

The sales tax statute, 36 M.R.S.A. § 1811, imposes a 5% tax on the value of all tangible personal property sold at retail sale in Maine. Where no sales tax is collected and paid, 36 M.R.S.A. § 1861 imposes a use tax on the storage, use, or other consumption in Maine of tangible personal property purchased at retail sale at the same rate as the sales tax. The use tax is a necessary com-

plement to the sales tax. Its purpose is aptly stated in *Hanbro, Inc. v. Johnson,* 158 Me. 180, 184, 181 A.2d 249, 251 (1962):

> The necessity of a use tax is obvious. It is well known that much personal property is purchased outside the borders of the state and brought into the state for use here. This State is without authority to tax sales beyond its territorial limits. Without some tax to complement and supplement the sales tax, not only would a tax advantage be enjoyed by the buyer who purchases outside of the state and uses that property here, but also local merchants would be at a disadvantage against competition by out of state merchants who may be able to offer lower prices by reason of lower tax burdens .... Without a use tax the aggregate purchases of this character would result in a severe tax loss to the State, and present a serious handicap to Maine dealers.

*See also Harold MacQuinn, Inc. v. Halperin,* 415 A.2d 818, 821 (Me.1980); *Bangor-Hydro Electric Co. v. Johnson,* 226 A.2d 371, 379 (Me.1967).

■ It is undisputed that if the situs of the sales was New Hampshire, Levesque and not the plaintiff, is liable for a use tax in Maine. Nor would the plaintiff be liable for a Maine use tax if the sales took place in Maine, and at the time of the sales, the floor coverings were tangible personal property. In such circumstances, a sales tax is appropriate.

■ It is the Assessor's position that the sales did not occur until after the floor coverings were installed in Maine to Levesque's satisfaction. The sales tax is inapplicable, according to the Assessor, because at the time of the sales, they no longer retained the characteristics of personal property, but rather were transformed to real property upon the act of installation. Thus, he argues, the delivery and installation of the floor coverings must be deemed a use [1] of tangible personal property.

■ We agree that whenever title passes after personal property becomes a part of the realty,[2] the personal property is used and not sold by the person who furnishes and affixes it. In such circumstances, he is selling a completed improvement to the realty, an incorporated building material, and not items of personal property. He is providing a service as a home improvement contractor, and is not acting as a vendor of personal property. Indeed, when title passes after affixation, there remains no personal property to sell. Because the process of installation transformed the personal property to real property, the person

---

**1.** 36 M.R.S.A. § 1752(21) defines "use" as including

> the exercise in this State of any right or power over tangible personal property incident to its ownership when purchased by the user at retail sale.

36 M.R.S.A. § 1752(11) provides in pertinent part that

> "Retail sale" ... means any sale of tangible personal property, in the ordinary course of business, for consumption or use, or for any purpose other than for resale ... in the form of tangible personal property ....

The plaintiff purchased the floor coverings at wholesale. Such a purchase is a purchase at "retail sale" within the meaning of 36 M.R.S.A. § 1752(11) if he also exercised in Maine any right or power over the materials incident to their ownership.

**2.** The criteria for determining whether personal property becomes a part of the real estate are whether:

(1) it is physically annexed, at least by juxtaposition, to the realty or some appurtenance thereof, (2) it is adapted to the use to which the land to which it is annexed is put, or the chattel and the real estate are united in the prosecution of a common enterprise, and (3) it was so annexed with the intention on the part of the person making the annexation to make it a permanent accession to the realty, ... which intention is not the hidden secret intention of the party making the annexation, but the intention which the law deduces from such external facts as the structure and mode of attachment, the purpose and use for which the annexation has been made and the relation and use of the party making it.

*Boothbay Harbor Condominiums, Inc. v. Department of Transportation,* 382 A.2d 848, 854 (Me.1978) (quoting *Bangor-Hydro Electric Co. v. Johnson,* 226 A.2d 371, 378 (Me.1967)).

who furnished and installed the personal property must be deemed to have used and consumed it. Thus, rugs, carpets, and linoleum that became fixtures were used and not sold by the plaintiff.

 Conversely, property which has not become a fixture is deemed sold as personal property by the person who furnishes and installs it even though it may, because of its nature, be temporarily attached to the real estate. In such an instance, the purchaser contracts for the personal property itself and not for a permanent improvement to realty. The property does not lose its identity as personal property by reason of installation. Therefore, if the floor coverings remain personal property after installation they must be considered to have been sold rather than used by the plaintiff.

Because the Superior Court did not reach these questions, we vacate the judgment and remand the case for a determination whether title to the floor coverings passed in Maine and, if so, whether at the time of the transaction, the floor coverings were personal or real property.

 Insofar as *Katz v. Johnson*, 220 A.2d 495 (Me.1966) implies that the process of installation which transforms personal property into real property does not constitute a use, and thus is inconsistent with this opinion, it is overruled.[3]

The entry is:

Judgment vacated.

Remanded for further proceedings consistent with the opinion herein.

All concurring.

---

**3.** Relying primarily on principles of *stare decisis*, the plaintiff has not raised the question whether the judgment in *Katz I* precludes the Assessor from relitigating the issue whether rug installation is a taxable use. We note that the refusal of issue preclusion is justified as to pure questions of law when a new determination is warranted in order to avoid inequitable administration of the laws. In *Restatement (Second) of Judgments* § 28(2) comment c (1981), the law is restated to say

> [T]he choice must be made in terms of the importance of stability in the legal relationships between the immediate parties, the actual likelihood that there are similarly situated persons who are subject to application of the rule in question, and the consequences to the latter if they are subject to different legal

treatment. In this connection it can be particularly significant that one of the parties is a government agency responsible for continuing administration of a body of law that affects members of the public generally, as in the case of tax law. Refusal of preclusion is ordinarily justified if the effect of applying preclusion is to give one person a favored position in current administration of a law. The State Tax Assessor, in carrying out his responsibilities for the administration of Maine tax laws, has applied a different rule of law to all other persons. As a result, the plaintiff currently enjoys a favored position to the disadvantage of other persons similarly situated. Therefore, the disparate application of the law justifies our refusal to preclude reconsideration of the issue in this case.