CUMBERLAND AMUSEMENT CORP.
*vs.*
ERNEST H. JOHNSON, STATE TAX ASSESSOR

Cumberland. Opinion, November 24, 1954.

*Henry Steinfeld,* for plaintiff.

*Boyd Bailey,*
*Miles Frye, Asst. Attorneys General,* for State.

SITTING: WILLIAMSON, TIRRELL, WEBBER, BELIVEAU, JJ., THAXTER, A.R.J. FELLOWS, C. J., and TAPLEY, J., did not sit.

WILLIAMSON, J. On report upon an agreed statement of facts. This is an appeal from the refusal of the State Tax Assessor to abate a sales tax assessed against the taxpayer, the operator of a "drive-in" theatre. References to the statute are, unless otherwise noted, to "Sales and Use Tax Law." R. S., c. 14-A (1944), as amended. The sales were made during the months from May through October 1953, and the taxpayer neither reported nor paid a sales tax thereon.

The principal business of the taxpayer is "to run, operate, conduct, and manage a drive-in theatre. . . . In conjunction with and while exhibiting . . . motion pictures, the (taxpayer) maintains a refreshment booth . . . located on the theatre grounds . . ."

The sales consisted of the following: ". . . ice cream in individual portions enclosed in small cups with covers thereon; or in the form of chocolate coated ice cream bars; hot dogs, so-called, placed in individual rolls, wrapped in a napkin, and placed in a small cardboard, open top, tray; popcorn in boxes; soft drinks in individual bottles; and coffee in individual cups." They are ". . . usually taken by the

customer for consumption to the motor vehicle in which he sits while viewing the motion picture."

The controlling portion of the Act is Section 10-III, as follows:

> (a) " 'Food products' also shall not include meals served on or off the premises of the retailer; or drinks or food, furnished, prepared, or served for consumption at tables, chairs or counters, or from trays, glasses, dishes or other tableware provided by the retailer."

> (b) "It shall be presumed that the **The** sale of food products ordinarily sold for immedi-
> (b) ate consumption on or near the premises
> amended **location** of the retailer is a taxable sale unless such products are sold on a 'take out' or 'to go' order, and are actually packaged or wrapped and taken from the premises."

By amendment effective August 8, 1953, the words indicated were deleted, and the words emphasized added. P. L., 1953, c. 146, § 8. The letters on the margin are added by us for convenience in reference.

The report must be discharged and the case remanded to the Superior Court on two grounds: First, that the reasons of appeal are not properly before us, and second, that the agreed statement contains "but a partial statement of the facts essential to determination." *State* v. *Corriveau*, 131 Me. 79, 85, 159 A. 327 (1932).

First: The taxpayer's appeal was taken to the April term 1954 of the Superior Court. At that term the case was reported to us by the presiding justice for final decision. It was entered upon the docket of the Law Court at our May term.

In vacation of the June term 1954 of the Superior Court an affidavit with reasons of appeal was filed, with service acknowledged, and made a part of the record.

The statute in Section 30 reads:

> "The appellant shall, on or before the 3rd day of the term to which such appeal is taken, file an affidavit stating his reasons of appeal and serve a copy thereof on the assessor, and in the hearing of the appeal shall be confined to the reasons of appeal set forth in such affidavit."

It is not necessary for us to determine whether the statutory affidavit may be filed late by agreement of the court and the parties. We do not here consider whether jurisdiction turns upon the timely filing and service. The reasons of appeal at the latest must be filed before the presiding justice reports the case. Otherwise he cannot know the legal questions involved, and so cannot determine whether there is good warrant for the report. Further, the record in a case entered in the Law Court cannot be corrected by the parties. *Powers v. Rosenbloom,* 143 Me. 408, 59 A. (2nd) 844 (1948).

So then, the report must be discharged to enable the Superior Court to make such corrections in the record as may be deemed necessary or proper.

Second: The parties seek a decision on the merits. It is clear from the record that in reporting the case the presiding justice and the parties had fully in mind the issues raised before us. The failure to file the affidavit was through inadvertence, and neither the presiding justice nor the parties have been misled thereby.

Accordingly, we are prepared to consider the case on the merits, as if the affidavit with reasons of appeal had been duly filed and served. The result is not changed. On the merits the report must be discharged.

The sales in question fall into three classes for purposes of taxation. The record does not show the volume of sales in each class, and since one of the classes is nontaxable, we cannot determine the sales tax properly due the State. (1)

". . . food products (that is, non-taxable food products) shall not include . . . soft drinks . . ." Section 10-III. The sales of soft drinks are taxable. (2) Sales of the other products in the period ending August 8, 1953 under clause (b).

The products sold, except the soft drinks, are for purposes of both clauses (d) and (d) amended, plainly "food products ordinarily sold for immediate consumption on or near the premises (or location) of the retailer. . . ." *Fortin* v. *Johnson*, 150 Me. 294 (*Dairy Queen* case).

The presumption of taxability under clause (b) was overcome. Under the *Dairy Queen* case *supra*, the sales for this period are nontaxable. (3) Sales of the other products for the period after August 8, 1953 under clause (b) amended. With the amendment of 1953 sales presumptively taxable became in fact taxable. A new class of taxable sale was thereby created, unless the three conditions, previously bearing only upon the presumption, appeared; namely, the "take out" or "to go" order, "actually p a c k a g e d or wrapped," and "taken from the premises."

The grounds of the "drive-in" theatre were in the possession and control of the taxpayer. As a part of the business of the theatre, the taxpayer maintained the refreshment booth from which the sales were made. "Premises" in this instance included the theatre grounds. The products were there consumed and were not "taken from the premises."

Since one of the three conditions vital to an exemption from taxation under clause (b) amended was not established, it is unnecessary to consider the other "unless" conditions.

Three sales tax cases have come to our attention involving the meaning of "premises" in connection with the consumption of food products.

The California court has held that "premises" under a statute taxing sales for consumption "on the premises" were

restricted to the vendor's booths and did not include other parts of the exposition grounds not subject to the vendor's control. *Treasure Island Catering Co.* v. *State Board of E.*, 120 P. (2nd) 1 (Cal. 1941).

In Ohio under a constitutional prohibition against a sales tax on "food for human consumption off the premises where sold," sales of milk from vending machines within an industrial plant for consumption within the plant, and sales of food and refreshments from booths and by itinerant vendors in the grandstand of a stadium for consumption wherever the purchasers might wish, have been held nontaxable. *Castleberry* v. *Evatt,* 147 Ohio St. 30, 167 A. L. R. 198, 67 N. E. (2nd) 861 (1946) ; *Cleveland Concession Co.* v. *Peck,* 159 Ohio St. 480, 112 N. E. (2nd) 529 (1953).

In each of the cases above the lack of control by the vendor of the area where the products were consumed was of decisive importance. In the present case, on the contrary, we have the significant facts of possession and control by the taxpayer.

Thus, with one "unless" condition not established, the sales by the taxpayer since August 8, 1953 are taxable. Until we have evidence of the volume of either the taxable or nontaxable sales, it will be impossible to assess the proper tax.

The entry will be

*Report discharged.*

*Case remanded to Superior Court.*