James KATZ

v.

Ernest JOHNSON, Tax Assessor.

Supreme Judicial Court of Maine.

June 13, 1966.

**496** ■

Frank E. Hancock, Ogunquit, for plaintiff.

Jon R. Doyle, Asst. Atty. Gen., and Richard S. Cohen, Asst. Atty. Gen., Augusta, for defendant.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, MARDEN, RUDMAN and DUFRESNE, JJ.

WILLIAMSON, Chief Justice.

This is an appeal by the State Tax Assessor from the decision of the Superior Court overturning his arbitrary assessment of a use tax in the amount of $8,520, plus interest and penalties, covering the period from July 1, 1957 to May 31, 1963. The Assessor contends that the Court below lacked jurisdiction and also was in error on the merits. Pertinent provisions of the Sales and Use Tax Law (36 M.R.S.A. § 1751 et seq.) are set forth below.[1]

For our purposes the case starts with an arbitrary assessment of a use tax under § 1954. On petition for reconsideration under § 1957 the Assessor found the use tax to be correct, in a decision dated January 8, 1964. The plaintiff, "aggrieved by the

1. "§ 1752. *Definitions*

\* \* \* \* \*

"11. *Retail sale or sale at retail.* 'Retail sale' or 'sale at retail' means any sale of tangible personal property, in the ordinary course of business, for consumption or use, or for any purpose other than for resale, except resale as a casual sale, in the form of tangible personal property. \* \* \*"

"14. *Sale price.* \* \* \* nor shall 'sale price' include the price received for labor or services used in installing or applying or repairing the property sold, if separately charged or stated."

\* \* \* \* \*

"21. *Use.* 'Use' includes the exercise in this State of any right or power over tangible personal property incident to its ownership when purchased by the user at retail sale."

"§ 1861. *Purchase of tangible personal property*

"A tax is imposed on the storage, use or other consumption in this State of tangible personal property, purchased at retail sale \* \* \* at the rate of [presently 4%] of the sale price. Every person so storing, using or otherwise consuming is liable for the tax until he has paid the same or has taken a receipt from his seller, thereto duly authorized by the Tax Assessor, showing that the seller has collected the sales or use tax, in which case the seller shall be liable for it."

"§ 1951. *Collection of tax; report to Tax Assessor*

"Every retailer shall file with the Tax Assessor, on or before the 15th day of each month, a report made under the pains and penalties of perjury on such form as the Tax Assessor may prescribe, which shall disclose the total sale price of all sales made during the preceding calendar month, and such other information as the Tax Assessor shall require. \* \* \* Every person subject to the use tax shall file similar reports, at similar dates, and shall pay the tax or furnish a receipt for the same from a registered retailer."

"§ 1954. *Arbitrary assessment*

"If any person shall fail to make a report as required, the Tax Assessor may make an estimate of the taxable liability of such person from any information he may obtain, and according to such estimate so made by him, assess the taxes, interest and penalties due the State from such person, give notice of such assessment to the person and make demand upon him for payment, but no such assessment can be made after 6 years."

"§ 1958. *Appeals*

"Any taxpayer aggrieved by the decision upon such petition may, within 30 days after notice thereof from the Tax Assessor, appeal therefrom to the Superior Court \* \* \* The appellant shall, when such appeal is taken, file an affidavit stating his reasons of appeal and serve a copy thereof on the Tax Assessor, and in the hearing of the appeal shall be confined to the reasons of appeal set forth in such affidavit \* \* \* The decision upon all questions of fact shall be final."

decision," sought to appeal therefrom to the Superior Court under § 1958. The first question is whether he took the necessary steps to perfect his appeal.

*Jurisdiction*

The case was brought to the Superior Court by the plaintiff on a complaint entitled "Complaint for Judgment Declaring a Purported Use Tax Void, or Appeal from said Assessment." The complaint was served together with summons and filed in the Superior Court on January 21, 1964, and within thirty days from notification by the Assessor of his decision on reconsideration. The plaintiff in his complaint sought judgment that the "said purported tax assessment is void and of no effect," and also an injunction against the Assessor from instituting action to recover the tax.

On February 5, 1964, the Assessor moved to dismiss the action (1) "because the complaint fails to state a claim against defendant upon which relief can be granted," (2) "because it is one against the sovereign, brought without its consent," and (3) "since the Court lacks jurisdiction because it has no statutory power to take cognizance of the action."

On February 15, 1964, the plaintiff filed an affidavit for the stated purpose of complying with R.S.1954, c. 17, § 33 (now § 1958) in which he says, "that at no time since June 24, 1957 have I ever purchased personal property outside of the State of New Hampshire (sic) at retail and conveyed the same into the State of Maine for consumption and, therefore, would not be liable for any assessment of Use Tax as attempted to be made by the Maine State Tax Commission on June 24, 1963."

The Assessor's motion to dismiss was denied on April 7, 1964, "except as it relates to prayer for injunctive relief, which to that extent is granted. * * *" Six days later the Assessor answered the complaint, again raising the points disposed of on his motion and for the first time specifically saying "by way of answer and defense" that the appeal was not properly perfected under the statute (now § 1958) and Rule 80B, Maine Rules of Civil Procedure, since the plaintiff has filed a pleading in the alternative, has not filed a proper affidavit under the statute, has not filed a written notice of the claim for review, and has committed "other error."

In November 1964 the Assessor moved to dismiss the action "so far as it relates to the appeal filed," and also "that part of the action pertaining to declaratory judgment because it is one brought against the sovereign without its consent."

The case was heard on its merits in December 1964 by the Court with counsel agreeing that the Court would take the two pending motions under advisement. In a decision entitled "On Complaint for Declaratory Judgment" filed March 2, 1965, the Court found for the plaintiff with the entry "Complaint sustained. Judgment to issue declaring the assessed tax null and void."

The Assessor appealed with statement of points on appeal and designation of contents of the record without mention of the motions. The record of the case is confusing. What is in fact one case reaches us as two cases, each with its own record. It is sufficient to say that inadvertently the appeal on the merits proceeded without notice of a lack of decision on the motions to dismiss, and that thereafter the motions were considered and denied with appeals therefrom.

The Assessor insists that the plaintiff failed to perfect his appeal for the reasons discussed below and that therefore the Court was without jurisdiction to hear and decide the case.

[redacted] First: The objection is made that the plaintiff did not file an affidavit under § 1958 when the appeal was taken. Appeals under the Sales and Use Tax Law

are governed by § 1958 and Rule 80B, Maine Rules of Civil Procedure.[2] The statute and rule are to be considered together as part of the appeal process.

In 1959, § 1958 (then R.S.1954, c. 17, § 33) was amended to read in its present form by the Act which made necessary and desirable changes in the statutes in connection with the proposed Maine Rules of Civil Procedure. P.L.1959, c. 317, § 6. See Memorandum to Judiciary Committee, Field & McKusick, Maine Civil Practice, Appendix A, pp. 651, 657. The new Rules, including Rule 80B on Review of Administrative Action, and the 1959 statute, became effective on December 1, 1959. The pertinent portion of R.S.1954, c. 17, § 33, with the 1959 amendments resulting in the present § 1958, reads:

"Any taxpayer aggrieved by the decision upon such petition may, within 30 days after notice thereof from the *Tax* Assessor, appeal therefrom to ~~the next term of~~ the Superior Court ~~to be begun and held more than 30 days after such notice of said decision.~~ * * * The appellant shall, ~~on or before the 3rd day of the term to which such appeal is taken~~ *when such appeal is taken,* file an affidavit stating his reasons of appeal and serve a copy thereof on the *Tax* Assessor, and in the hearing of the appeal shall be confined to the reasons of appeal set forth in such affidavit."

(Words crossed out, deleted; words emphasized, added)

The appeal in the instant case was taken, i. e., was "instituted" when the complaint was filed with the Court. No objection is taken to the contents of the complaint which includes " * * * a concise statement of the grounds upon which the plaintiff contends he is entitled to relief * · * " and a demand for relief. Rule 80B(a).

■ The affidavit, as we have seen, was filed after the complaint was filed. In our view it is not essential that the affidavit be filed at the same time that the appeal is taken. Under the practice before the new Rules were adopted, the appellant appealed to the next term of the Superior Court and on or before the third day of the term filed the affidavit. R.S.1954, c. 17, § 33. The affidavit was filed after the taking of the appeal and was not an integral part of the process of initiating the appeal. In our view, to construe Rule 80B and the present statute to require that the two instruments, namely, the complaint and the affidavit, be filed contemporaneously, as the Assessor urges, would place form far above substance. Certainly such a construction would not be within the spirit of the new Rules.

The affidavit serves to give evidence of authenticity under oath to the reasons of appeal. It adds nothing, however, to the grounds stated in a complaint under Rule 80B(a).

As we have seen in the instant case, with the approval of the parties and with the Assessor reserving a right to press his motions to dismiss later, the Court heard and decided the case on the merits.

There is not the slightest suggestion that the Assessor was not fully aware of the issues involved, or that failure to file the affidavit at the same time that the com-

---

**2.** "Rule 80B.

(a) *Mode of Review.* When a statute provides for review by the Superior Court of any action by a governmental agency, department, board, commission, or officer, whether by appeal or otherwise or when any judicial review of such action was heretofore available by extraordinary writ, proceedings for such review shall be instituted by filing a complaint with the court. The complaint shall include a concise statement of the grounds upon which the plaintiff contends he is entitled to relief, and shall demand the relief to which he believes himself entitled. No responsive pleading need be filed unless required by statute or by order of the court."

"(b) *Time Limits; Notice* * * * Written notice of the claim for review, together with a copy of the complaint, shall be given to the opposite party."

plaint was filed in any way affected his defense. See Cumberland Amusement Corp. v. Johnson, 150 Me. 304, 110 A.2d 610.

Second: There is no merit in the objection that the plaintiff did not serve a copy of the affidavit on the Assessor. The discussion above of the first objection is applicable as well to the second objection.

Third: A summons in usual form, together with a copy of the complaint, was served on the Assessor. In our opinion the summons was the "written notice of the claim for review" required under Rule 80B(b).

In this view of the case we need not consider the Assessor's point of appeal that a declaratory judgment cannot be maintained against the sovereign without its consent. We cut through the titles of the complaint and judgment to find it plain beyond doubt that the plaintiff sought to appeal the unfavorable decision of the Assessor to the Superior Court under the rule and statute. Since the appeal was properly before the Court, we need not consider the alternative suggestion that for some reason the plaintiff brought a complaint for a declaratory judgment and not a tax appeal.

*Merits*

We turn from the question of jurisdiction to the merits. The facts found by the Court below and which are binding upon us in the application of the law, are in substance as follows:

The plaintiff, a retail merchant in Portsmouth, New Hampshire, sold carpeting by the yard in Portsmouth with delivery and installation by him in Maine at an extra charge dependent on place of location but not separately stated in the sales price. A typical case involved the sale of "wall to wall" carpeting with installation in a motel in Maine.

"The record discloses sufficient credible evidence to support his [the Court's] find-

ings." Sampson & Sawyer Co. v. Johnson, 156 Me. 544, 554, 167 A.2d 1, 6.

The Assessor's position is that the plaintiff by the act of installation *used* the carpeting in Maine and hence is liable for the tax. There was no sale, says the Assessor, of carpeting as tangible personal property to the customer, either in New Hampshire or Maine, but a sale of a carpet installed and affixed to the real estate. From this premise the Assessor argues that the purchase of the carpeting by the plaintiff was not for the purpose of resale, or, what is the equivalent, that it was not resold but was used by him.

The Assessor does not seek to impose a sales tax on the plaintiff. If the carpeting was sold in New Hampshire, it is well understood that our sales tax would not apply. The compensating use tax is upon the user in Maine. The question here is not whether the State is entitled to a use tax, but whether the use tax should be imposed on the plaintiff or on his customer in Maine.

We recognize, as must all, the difficulty of collecting a use tax from the myriad of users with the relative ease of collection of a sales or use tax from a seller. Obviously, it makes for greater effectiveness if the Assessor can reach the out-of-state seller. Convenience of the taxing authority, however, does not control the application of the statute and is not the test for decision on tax liability.

On the merits we conclude (1) that the plaintiff did not use in Maine tangible personal property purchased by him at retail sale; (2) that he was not subject to a use tax; (3) that he was thus not required to file a use tax report, and (4) that he therefore was not subject to an arbitrary assessment. The Court correctly held the arbitrary assessment null and void.

In sustaining the sufficiency of the appeal from the Assessor to the Superior Court, we do not thereby approve the methods used. Problems were created un-

necessarily, as we see it, from a failure to follow with care and precision the appeal provisions of § 1958 and the Rule.

In summary, the Court had jurisdiction to entertain the tax appeal and properly sustained the appeal from the arbitrary assessment of a use tax.

The entry in each case will be

Appeal dismissed.